CHICAGO, R. I. & G. RY. CO. v. MITCHUM.
(No. 8544.)

(Court of Civil Appeals of Texas. Ft. Worth. March 31, 1917.)

1. MASTER AND SERVANT ☞293(19)—ACTION FOR INJURY—FAILURE TO INSTRUCT ON MATERIAL ISSUE.

In a section hand's action for injuries due to fall while hurriedly removing hand car from track to avoid approaching train, where a strongly controverted issue was distance of train when first discovered, refusal to instruct that, if it was found that train was 500 yards away when discovered, and that within said distance plaintiff had ample time to remove car, there can be no recovery for failure to give warning of approaching train, was reversible error.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1155, 1156.]

2. TRIAL ☞229 — INSTRUCTIONS — NECESSITY.

A party to a suit has right to special instruction on any group of facts supported by pleadings and evidence, and which, if true, would be of controlling effect in his favor, al-

though a charge in general terms is given which is to same effect.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 513.]

3. **MASTER AND SERVANT** ⊜293(19) — **INJURIES TO SERVANT — NEGLIGENCE — INSTRUCTION.**

In section hand's action for injuries due to fall in removing hand car from track to avoid approaching train, requested instruction that plaintiff could not recover if he and those with him had ample time in which to remove car was not bad for failure to add with "safety to plaintiff"; as jury could not reasonably interpret instruction otherwise.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1155, 1156.]

4. **MASTER AND SERVANT** ⊜293(19)—**ACTION FOR INJURIES — NEGLIGENCE OF FOREMAN — SUBMISSION OF ISSUE.**

Where there was testimony that a rule of defendant required the foreman of section gang to give warning of approaching trains, and that the foreman had specifically told section men to keep eyes on him, and that he would give warning, court did not err in submitting issue of alleged negligence of foreman in failing to give warning, however convincing other evidence controverting plaintiff's right to recover upon that issue might be.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1155, 1156.]

5. **TRIAL** ⊜244(4)—**INSTRUCTIONS—SPLITTING UP ISSUES.**

In section hand's action for injuries, splitting up in instructions the single issue of train crew's negligence in failing to give warning of approach of train was improper, tending to place undue emphasis upon such issue and divert attention from true issue.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 579.]

6. **MASTER AND SERVANT** ⊜285(11) — **PROXIMATE CAUSE OF INJURY — ERRONEOUS INSTRUCTIONS.**

In section hand's action for injuries, an instruction on alleged negligence of train crew in not giving warning of approach of train *held* likely to lead jury to believe negligent failure of train crew to discover hand car was itself proximate cause of injury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1035.]

7. **TRIAL** ⊜252(11)—**DISCOVERED PERIL—SUBMISSION OF ISSUE.**

Where in section hand's action for injuries there is insufficient evidence to show actual knowledge by train crew of plaintiff's peril, submission of issue of negligence of train crew after discovery of peril is unwarranted.

[Ed. Note.—For other case, see Trial, Cent. Dig. § 603.]

8. **MASTER AND SERVANT** ⊜158—**INJURIES TO SERVANT — CONNECTION BETWEEN NEGLIGENCE AND INJURY.**

In section hand's action for injuries sustained from a fall in hurriedly attempting to remove a hand car to avoid an approaching train, to warrant recovery for negligence of foreman or train crew in not giving warning of approach of train, it must appear that fall was due immediately to haste to remove car, and that an injury of character alleged ought reasonably to have been foreseen as a result of alleged negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 304.]

Appeal from District Court, Wise County; F. O. McKinsey, Judge.

Suit by J. H. Mitchum against the Chicago, Rock Island & Gulf Railway Company. From a judgment for plaintiff after remand from Supreme Court (173 S. W. 878), defendant appeals. Reversed and remanded.

See, also, 140 S. W. 812.

Lassiter, Harrison & Rowland, of Ft. Worth, and McMurray & Gettys, of Decatur, for appellant. R. E. Carswell, of Decatur, R. F. Milam, of Ft. Worth, and F. A. Williams, of Galveston, for appellee.

DUNKLIN, J. J. H. Mitchum instituted this suit against the Chicago, Rock Island & Gulf Railway Company to recover damages for alleged personal injuries sustained by him while employed as a section hand by the defendant company, and from a judgment in his favor for $12,500, the railway company has appealed.

According to allegations in the plaintiff's amended petition, on January 20, 1907, he, together with two other section hands were working on defendant's track about two miles south of Park Springs under the control and direction of Charles Wicker, defendant's section foreman. A hand car was in use by the section gang. As it approached a curve in the track to the south, the foreman went forward for the purpose of discovering whether or not a train was approaching from that direction, to the end that the hand car might be removed from the track if such was found to be true. He directed plaintiff and the other section hands to remain with the hand car and to follow him whenever he signaled them so to do. While plaintiff and his fellow servants were moving the car southward, in obedience to instructions from the foreman, a passenger train suddenly approached from the north with great speed, and while plaintiff and the other section hands were attempting to remove the hand car from the track in order to avoid a wreck of the passenger train, and on account of the great haste necessary so to do, plaintiff slipped and fell, and his side struck with great force on one of the rails of the track, which resulted in serious injuries, for which damages were sought.

Plaintiff further alleged that as said train approached from the north he was facing south, and he did not discover its approach until the train was in close proximity to him; that the foreman was guilty of negligence in failing to warn him of the approach of the train; that the agents and employés of the defendant in charge of the train discovered the presence of the hand car and the plaintiff and his fellow servants, and their perilous position, in time to have stopped the train or checked its speed so as to enable such employés to remove the hand car from the track with safety, but after making such discovery they negligently failed to check the train, and thereby to obviate and lessen the danger

to plaintiff, and further that, if the persons in charge of the train failed to discover said section hands upon the track in time to so stop or check said train, then they were negligent in failing to make such discovery, which they could have done if they had kept a reasonable lookout for obstructions on the track.

Liability of the defendant was predicated upon the negligence so alleged, and those issues of negligence so presented were submitted in the court's charge to the jury as a basis for a verdict in plaintiff's favor, except the issue of discovered peril.

This is the second appeal in the present suit. On the former appeal a judgment in plaintiff's favor was reversed by the Court of Civil Appeals at Texarkana, and judgment then rendered in favor of the railway company; that court holding that the evidence showed conclusively as a matter of law that plaintiff was guilty of contributory negligence precluding a recovery. See C., R. I. & G. Ry. Co. v. Mitchum, 140 S. W. 812. But our Supreme Court held that the Court of Civil Appeals erred in rendering the judgment and remanded the cause to the trial court for another trial. See Mitchum v. C., R. I. & G. Ry. Co. (Sup.) 173 S. W. 878.

Whether or not plaintiff sustained any injury at all in the manner he alleged he was injured was strongly controverted in the proof introduced. Assuming that he was injured as alleged, another strongly controverted issue was the distance the train was from plaintiff at the time he first discovered its approach and attempted to remove the hand car from the track.

On August 31, 1907, plaintiff gave a statement in writing detailing how he claimed the accident happened. In that statement he said that the accident occurred February 11, 1907; that Frank M. Ables, another section hand, the foreman, Charles Wicker, and himself were the only men engaged in work at the time; that he discovered the train approaching in his rear when it was 500 or 600 yards away; that in removing the car from the track his feet slipped on the ice which covered the ties and caused him to fall, his side striking upon the rail. On the same date he gave another written statement, in which he again said that the cause of his fall was slipping upon the ice, and under the heading "Names and Addresses of Witnesses" he gave only the name of F. M. Ables. On the trial from which the appeal is taken he testified that he could not give the exact date of the accident, but that it occurred between the 20th and last of January, 1907, that his brother, Will Mitchum, and Fuller Ables were all working as section hands at the time with Charles Wicker as their foreman, and that when he first discovered the approach of the train it was 50 or 75 yards distant. Fuller Ables and Charles Wicker were both introduced as witnesses, and both

testified that in January and February, 1907, they worked on the section with the plaintiff, but that plaintiff did not fall on the track as claimed by him, and that they never heard of any such claim being made by him until long after that time, and after plaintiff had ceased to work. The evidence further shows that plaintiff's brother, Will Mitchum, ceased to work on such section the latter part of January, 1907; the foreman fixing January 19th as the specific date Will Mitchum ceased to work.

[1] Error has been assigned to the refusal by the court of the following special instruction requested by defendant:

"Gentlemen of the jury, if you believe that the plaintiff fell and was injured while attempting to remove a hand car from the track in front of an approaching train, and if you find that plaintiff and those with him on said hand car discovered said train approaching when it was at a distance from them of 500 or 600 yards, or something like that distance, and that at such distance plaintiff and those with him had ample time in which to remove said hand car from the track before the train reached said point, then you are instructed that defendant cannot be held liable for any failure on the part of any one to give them warning or notice of the approach of said train."

The court gave instructions upon the issues of assumed risk and contributory negligence of the plaintiff, but gave no instructions presenting the converse of plaintiff's contentions of defendant's negligence in the three respects alleged, further than the charge in general terms that, in order for plaintiff to recover, the burden was upon him to establish by a preponderance of the evidence the facts which would entitle him to a verdict under the instructions given, and the further instruction reading as follows:

"If you believe that plaintiff's injuries, if any he received, were caused by an accident and were not the result proximately of negligence on the part of the defendant, as charged by plaintiff, and explained in other instructions given you, then you will find for the defendant."

The contention presented in plaintiff's pleadings was that he would not have slipped and fallen but for his haste to remove the hand car from the track, which haste was made necessary by reason of the close proximity of the approaching train when he first discovered it. And his testimony upon the trial was that when he first discovered it the train was only 50 or 75 yards distant, notwithstanding which fact the hand car was removed and he got out of the way of the train without being struck by it. He further testified that the track north of the place of the alleged accident was straight, affording him an unobstructed view of an approaching train for a distance of a mile or more.

Will Mitchum, plaintiff's brother, testified in his behalf and corroborated his testimony as to the alleged accident and injury of plaintiff.

But in addition to the testimony of the section hand Ables and the foreman Wicker specifically denying that any such accident

happened as noted already, defendant also introduced the testimony of the operatives of each south-bound passenger locomotive due over that portion of the track at or about the hour when plaintiff says he was injured, and on several dates, including the date alleged in plaintiff's petition as the date of the accident and dates immediately before and after that date, all of whom denied seeing a hand car removed from the track at or near the place of the alleged accident, and denied hearing of any such occurrence as testified to by plaintiff.

[2] The rule is well settled that a party to a suit has the right to an affirmative presentation to the jury of any group of facts which are supported by pleadings and evidence, and which, if true, would be of controlling effect in his favor upon a material issue in the case. And the refusal of his request for such an instruction may constitute reversible error, even though a charge in general terms is given which is to the same effect, but conveys the same idea only negatively or by inference. Wichita Falls Traction Co. v. Adams, 183 S. W. 155, by our Supreme Court, and other decisions · there cited.

[3] Appellee suggests error in the requested instruction in that it omits a finding that the car could have been removed "with safety" to the plaintiff if the train was discovered by him at the distance stated. We are of the opinion that the language used in the instruction, "and that at such distance plaintiff and those with him had ample time within which to remove said hand car," read in the light of the issues involved necessarily implied the idea suggested in the criticism, and that the jury reasonably could not have interpreted it otherwise. Accordingly, we hold that the refusal of the requested instruction was error, for which the judgment must be reversed.

There are authorities tending to support the contention presented in the first and second assignments of error to the effect that the charge given was upon the weight of the evidence, in that certain portions of it referred to the alleged negligence of the defendant in such a manner as probably to impress the jury with the belief that the court was of the opinion that such negligence had been established by proof. Without attempting to determine the merits of those assignments, we deem it proper to suggest that upon another trial, the charge be so worded as to avoid those criticisms.

[4] According to testimony of Will Mitchum, plaintiff's brother, it was one of the rules of the company for the foreman of the section gang at all times to watch for approaching trains and warn the section hands of such approach, and on the occasion in controversy, when Wicker went forward to look for a train supposed to be approaching from the south, he specifically told the sec-

194 S.W.—40

tion men to keep their eyes on him and that he would keep a lookout for trains from the north as well as from the south, and that they did not keep a lookout for trains from the north because they relied on Wicker to give notice of any train from that direction. In view of such testimony we cannot say, as appellant insists, that the court erred in submitting to the jury the issue of the alleged negligence of Wicker in failing to give warning of the approach of the train from the north, however convincing other evidence controverting any right in plaintiff to recover upon that issue might be, and even though the trial judge should feel impelled to set aside a verdict in plaintiff's favor upon that issue.

Upon the issue of negligence of the operatives of the locomotive in failing to warn him of the approach of the train, the court gave two separate and independent instructions in two separate paragraphs of the charge and authorized a recovery upon either one independent of the other. Those instructions were as follows:

"(b) If the plaintiff and other employés were on a hand car on defendant's track, as claimed by plaintiff, and a train approached them, and if you believe that the agents and employés of the defendant in charge of and operating the locomotive of said train failed to discover said hand car on the track, if it was on the track, and that such failure to discover same was the result of the want of ordinary care on their part to keep a lookout for the purpose of discovering persons upon the track of defendant's railroad, and that by reason of such failure to use ordinary care if they did fail to do so, the plaintiff was injured as the proximate result thereof, then and in that event the defendant would be guilty of negligence, as that term is used in paragraph 4 above.

"(c) If you believe from the evidence that the plaintiff, with other employés of defendant, was on the hand car on the occasion in question, as claimed by plaintiff, and that a train approached them, and that the agents and servants of the defendant in charge of and operating said train discovered plaintiff and his associates on the track with a hand car in time to give warning of the approach of the train and prevent the safe removal of the hand car, but failed to give plaintiff warning of the approach of said train, and that such failure resulted from the want of the use of ordinary care on their part, and that such failure to use ordinary care by those operating said train was the proximate cause of the injury, if any, received by plaintiff, and complained of in his petition, then and in such event the defendant would be guilty of negligence, as that term is used in paragraph 4 of this charge."

[5-7] Although the question is not presented in appellant's brief, we are of the opinion that it was improper to thus split in two separate issues the single issue of negligence in failing to give plaintiff warning of the approach of the train, for the reason that such instructions tend to mislead and to divert the attention of the jury from the true issue, to wit, negligence in failing to give such warning, and for the further reason that in any event such double instructions upon substantially the same issue is an undue emphasis of that issue. Furthermore,

the instruction in paragraph B of the charge copied above, to say the least, was likely to lead the jury to believe that they were authorized to hold that the negligent failure of the operatives of the locomotive to discover the hand car was itself the proximate cause of the injury, independent of the issue of their negligent failure, if any, to give warning of the approach of the train. Willis v. McNeill, 57 Tex. 465. We will say further that we do not think the evidence was sufficient to warrant the submission of the issue of negligence after discovery of plaintiff's peril. To sustain an affirmative finding on that issue it would be necessary to show actual knowledge on the part of the operatives of the locomotive of plaintiff's peril, which was not shown except by supporting one presumption by another presumption. Cardwell v. G., B. & G. N. Ry., 40 Tex. Civ. App. 67, 88 S. W. 422 and authorities there cited; F. W. B. Ry. Co. v. Jones, 106 Tex. 345, 166 S. W. 1130.

Appellant has also assigned error to the charge upon contributory negligence on the ground that it was uncertain in its terms, and hence was likely to confuse and mislead the jury to appellant's prejudice. We are inclined to think that the charge is not altogether free from that criticism but without undertaking to determine whether or not the assignment should be sustained we suggest that upon another trial the instruction be so drawn as to avoid the criticism.

In view of the reversal of the judgment for the reasons given above, we shall not determine the merits of further assignments that the verdict is so contrary to the great weight of the evidence as to require a reversal of the judgment. One of those assignments is, in effect, that the evidence on the issue of contributory negligence of plaintiff was substantially the same as on the former trial, and on the former appeal was held to be so overwhelmingly in defendant's favor as to require a reversal of the judgment, and which decision is therefore stare decisis that issue. 11 Cyc. 757; Moore v. Chamberlain, 152 S. W. 195.

[8] We suggest further, in the absence of any assignment presenting the question, that the issue whether or not plaintiff's alleged fall was due immediately to his haste to remove the hand car was not submitted specifically, but by inference only; nor have we found any testimony by plaintiff to that effect. In the absence of a finding in the affirmative on that issue supported by proof, there could be no recovery upon any of the issues of negligence; for in that contingency no causal connection between such negligence and the alleged injury would be established. And even though such causal connection be established, no recovery could be sustained in the absence of a further showing that an injury of the character alleged by the plaintiff ought reasonably to have been foreseen as a result of the negligence alleged and established by proof.

For the reasons indicated, the judgment is reversed, and the cause remanded.