Appellee instituted this suit against appellant to recover damages for personal injuries. He bases his cause of action upon the allegation that he was the employé of the railway company engaged in interstate commerce; that said defendant had violated the Federal Safety Appliance Act, in that it had permitted one of the grabirons on the side of the car to become insecure; that while he was climbing down from the top of a car said grabiron broke loose from the side of the car upon his placing his foot thereon, and that he was thereby caused to fall to the ground, and as a result his leg was fractured in and about the ankle.
Defendant pleaded that the injuries were the result of an accident, and not the result of breaking of a grabiron. Pleaded contributory negligence, in that plaintiff permitted his shoes to become wet, and that he did not properly balance himself, etc., which caused his foot to slip off the grabiron, etc. Submitted to a jury, and upon their verdict a judgment was entered for plaintiff in the sum of $7,000, from which this appeal.
Counsel for appellants have presented 35 assignments of error in a brief of 201 pages. We therefore respectfully refer counsel to rule 35 (142 S.W. xiii) applicable to preparation of briefs:' *Page 136 
"When the assignments of error are numerous, counsel should present propositions on those which are most important in determining the case, waiving those that cannot control, * * * amongst which may he classed those involving questions of fact, wherein the evidence is so preponderating or so conflicting as that the court, under well-established rules of decision, would not set aside the verdict of the jury upon them."
The first three assignments are such as is described by the latter quoted portion of this rule. For instance, they urge "that the judgment should be set aside because the manifest truth of the case demonstrates that it is founded in fraud and theft."
The plaintiff has testified that the handhold broke loose from the car under his foot and caused him to fall, and one witness, who was at the time car inspector for the defendant, testified that he inspected the particular car shortly after the accident, and found a handhold broken loose at one end; so, under such state of fact, it matters not how strong the circumstances may be which indicate that the witnesses were falsifying, it was the province of the jury, and not of this court, to determine the weight to be given to the evidence.
The observations next above apply to assignments 22, 23, and 24, which urge that the safety appliance act applies only to the grabiron on top of the car, and not to the ladder. The plaintiff has named in both pleading and evidence the exact grabiron which came loose, "the fourth from the sill step," and it seems that any rung of this ladder is as such a grabiron as the top one, and we are cited to no evidence or holding to the contrary.
The twelfth, thirteenth, twenty-fifth and twenty-sixth charge error in the form of the following issue No. 2 of the main charge:
"Were the injuries to plaintiff, if any, directly and proximately caused by a loose or insecure handhold or grabiron on a car being operated by the defendant at the time, resulting in plaintiff's fall and injury if any?" — because, it is urged, it is impossible to tell from the question and answer whether the grabiron was found to be loose or insecure. The criticism is technically true, but, in view of the fact that plaintiff pleaded that the "grabiron broke loose from the side of the car," and the plaintiff testifies literally to the same effect, we cannot hold that the jury did not intend to find the fact to be as pleaded and proven. We realize, however, that the exact defect charged to be the basis of recovery has not been submitted; for the grabiron may have been loose and insecure and yet not broken off of the car, as charged, so in view of another trial, suggest that in submitting the question the exact language of the petition, if supported by the testimony, should be used.
There is no evidence upon which to base a charge of assumed risk as urged in the fourteenth.
The seventh, eighth, ninth, tenth, eleventh, fifteenth, sixteenth, and seventeenth charge error in refusing special issues requested upon the theory of accident, and we think well taken. Defendant pleaded accident, and several witnesses testified that plaintiff's statements of the way he was caused to fall were such as to make his fall purely an accident, and he admits that he had told no one that the grabiron broke with him until about the time of filing his suit, nearly two years after the fall and injury, so there was ample evidence upon which to base the charge, and the defendant is always entitled to an affirmative charge upon the theory of defense, when the pleadings and evidence justify it as in this case, and this is true though a charge in general terms is given which is to the same effect. C., R. I. G. Ry. Co. v. Mitchum, 194 S.W. 622. We do not approve of the special charge requested by appellant upon the issue of accident, but upon retrial the issue should be submitted, with appropriate instructions as to the meaning of the term "accident."
Eighteen, nineteen, twenty, and twenty-one attack the charge on the measure of damages, and complain of the failure or refusal to submit special charges requested. The court declared that the question of reduction of future earning capacity would not be submitted, but, whilst not specifically mentioned, the wording of the charges given is such as to permit such a finding, and we cannot determine whether such was considered or not. There is evidence in the record of permanent injury, but none of diminished future earning capacity by reason thereof. Upon another trial the charge should be so framed as to definitely submit the different elements of damages which may be proper to be considered by the jury in estimating the damages to be recovered, and so as to exclude all improper elements tested by the pleadings and evidence.
Certain other assignments complain of the argument of plaintiff's counsel in closing speech, taken in full by a stenographer and incorporated in a bill of exceptions and copied at length in appellant's brief. Under the rules, these assignments are not so presented as to require consideration, but we cannot refrain from the observation that we are surprised that such a harangue could be delivered in a court of justice without reprimand or even punishment for contempt.
Trial court should compel counsel to confine their arguments to the facts applicable to the law.
We are often confronted with the proposition in answer to assignments based upon improper argument, as in this case, that it was provoked by counsel for the other side. If the courts are diligent and forceful in detecting and reprimanding for improper argument in the first instance, there will be no occasion for a provoked reply. And this should always be done without waiting for objection from opposing counsel; for, as in this case, when counsel object, the speaker oftentimes on the instant exclaims, *Page 137 
"They are hurt; I take it back if it isn't true ;" thereby the poison so injected is given a double impetus in the vitals of the case on trial.
Several other assignments are addressed to the admission of X-ray photographs in evidence without proof that they are correct portrayals of the injuries. Such matters as maps, plats, and photographs should always be accompanied by proof or admission that they are correct before admitted in evidence.
Other assignments complain of matters which are not likely to occur upon another trial; for that reason not passed on.
For the errors enumerated, the cause is reversed and remanded for a new trial.