## TEXAS INDEMNITY INS. CO. v. PHILLIPS.

### No. 11223.

Court of Civil Appeals of Texas. Galveston.

June 26, 1941.

Rehearing Denied July 17, 1941.

504

Armstrong, Cranford, Barker & Bedford, W. E. Cranford, and Fine G. Bedford, all of Galveston, for appellant.

Crawford & Borofsky, of Galveston, Allen, Helm & Jacobs, S. M. Helm, and Arthur P. Terrell, all of Houston, for appellee.

MONTEITH, Chief Justice.

This is an appeal in a workman's compensation suit brought by appellee, Homer W. Phillips, to set aside an award of the Industrial Accident Board in favor of appellant, Texas Indemnity Insurance Company, and to recover compensation for total and permanent incapacity, alleged to have been the result of an injury sustained by him on July 5, 1939, in the course of his employment with Pan American Refining Corporation, which carried compensation insurance with appellant.

Appellant answered by general demurrer and general denial.

The cause was submitted to a jury on special issues. Upon their answers to such issues judgment was entered in favor of appellee for total and permanent disability and for a lump sum settlement in the sum of $6,824.45.

The record shows that, at the request of counsel for appellee, the examination of appellee's first witness was interrupted in order that his medical witness, Dr. Bruhl, might be placed on the stand as a matter of convenience to the doctor; that Dr. Bruhl was shown an X-ray photograph, with the statement: "Now, then, Doctor, I will show you an X-ray dated 4/27/40, with the imprinted signature of Dr. R. L. McHenry on it purporting to be an X-ray of a certain area of the body of Mr. Homer W. Phillips. The X-ray has H. L. on one side, whatever that means * * *", and was asked:

"Q. Now, then, Doctor, let us just assume that this is a picture. Did you get these pictures from Dr. McHenry's office? A. Yes.

"Q. Of course you were not there when they just actually snapped the machine and took the pictures, were you? A. No, sir."

Mr. Helm, the attorney for appellee, then handed the X-ray photographs in question to Mr. Cranford, attorney for appellant, stating "I am going to introduce these X-rays."

"Mr. Cranford: I don't object to the introduction of those films and his interpretation of them.

"Mr. Helm: It has been agreed that these are the pictures taken of Homer W. Phillips. I don't believe the Doctor would have put 'Homer W. Phillips' on here if it was not Homer W. Phillips.

"Mr. Cranford: We object to those remarks and ask the court to instruct the jury to disregard that testimony.

"The Court: Mr. Cranford, as I understand, you have no objection to those pictures being introduced in evidence as being pictures of the body of Homer W. Phillips and this doctor's analysis of what those pictures show. Am I correct in that?

"Mr. Cranford: Just as an assumption, not that they are."

The record shows that thereupon the direct examination of Dr. Bruhl was resumed and under questioning by appellee's attorney the witness interpreted and analyzed said X-ray photographs. Thereafter the attorney for the appellant repeated his objection to the use of the photographs as being in fact pictures of Homer W. Phillips and stated to the court: "I am still insisting that these pictures are introduced only on the assumption that they are the body of Homer W. Phillips and I want to object to this Doctor's testifying that they are in fact the pictures of Homer W. Phillips."

Dr. Bruhl testified, in effect, that he had examined the X-rays in question and that from his study and knowledge of said X-rays it was his opinion that there was a slight lowering and dilation of the right

kidney and that the kidney was injured and causing appellee pain.

The record further shows that Dr. Bruhl was appellee's only medical witness. It is undisputed that appellee's alleged injuries were internal and were not capable of objective demonstration and that the X-ray photographs and the testimony based thereon were important factors in appellee's case. Dr. Bruhl testified that he did not make the photographs in question, and there is no competent testimony in the record showing by whom they were made, or identifying them as being photographs of the body of appellee, or that they were correct portrayals of his injuries.

At the close of the evidence, appellant moved the court to strike the X-ray photographs in question and Dr. Bruhl's testimony interpreting them, for the alleged reason that they had never been connected by competent testimony as being X-ray photographs of the body of appellee.

Under its first three propositions appellant contends that the court committed reversible error in refusing to strike said X-ray photographs and Dr. Bruhl's testimony interpreting them as showing an injury to appellee, for the alleged reason that appellant had permitted the introduction of said pictures and the testimony interpreting them without objection only under the assumption, and with the understanding, that they would be properly identified by appellee, by competent evidence, as photographs of appellee, before the close of the evidence, and that, since they had not been so identified, the testimony based thereon was irrelevant and immaterial and prejudicial to appellant and that such testimony was incompetent and could furnish no basis for the judgment rendered by the trial court.

It is the established rule in this state that X-ray photographs of an injured person are not admissible in evidence without proof or admission by the parties that they are in fact X-ray photographs of the body of the injured person and that they are correct portrayals of his injuries (Traders & General Ins. Co. v. Wright, Tex. Civ.App., 95 S.W.2d 753; Kansas City M. & O. R. Co. v. Swift, Tex.Civ.App., 204 S.W. 135), and that, in the absence of such proof, the photographs and the testimony interpreting them, are immaterial and irrelevant, and therefore incompetent and are without vitality and can furnish no basis for a judgment. State v. Country Club, Tex.Civ.App., 173 S.W. 570; Cosden Oil Co. v. Sides et al., Tex.Civ.App., 35 S.W.2d 815; Robinson v. Wichita County, Tex.Civ.App., 106 S.W.2d 769.

It is apparent from the statement made to the court by the attorney for appellant that he did not object to the introduction of the X-ray photographs and Dr. Bruhl's testimony based thereon, for the reason that this evidence was introduced out of its logical order and that it was his understanding that the pictures would be later identified by competent testimony as the body of appellee, and that it was not his intention to agree that said X-ray photographs or Dr. Bruhl's testimony should be admitted without objection in the absence of such proof. This fact is evidenced by his statement in answer to a question by the court to the effect that he agreed that the pictures might be admitted only upon the assumption that they were pictures of the body of appellee and with the implied understanding that they would be proven to be such before the evidence was closed. The attorney for appellant could not have anticipated that this evidence would not be produced until the evidence was closed, at which time he moved the court to strike the evidence from the record.

In order for appellee to recover herein, it was incumbent upon him to establish, by competent evidence in the record, the fact that he was injured and the extent thereof. Since the medical testimony as to appellee's injuries was sharply conflicting, it is probable that the verdict of the jury was based, to some extent at least, upon said X-ray photographs and Dr. Bruhl's testimony interpreting them, which was, under above facts, incompetent testimony and highly prejudicial.

It follows from above conclusions that the judgment of the trial court must be reversed and the cause remanded.

Other assignments brought forward have not been considered, for the reason that they will, in all probability, not arise in another trial.

Reversed and remanded.