## CANTU et al. v. CASAS et al.
### No. 12610.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 30, 1953.

Rehearing Denied Feb. 3, 1954.

Cox, Wagner, Adams & Wilson, Harlingen, for appellants.

P. G. Greenwood, Harlingen, Henrichson, Bates & Hall, Edinburg, for appellees.

NORVELL, Justice.

The appellee Manuel Casas (plaintiff below) recovered judgment against Joaquin Cantu and Texas & New Orleans Railroad Company for the sum of $1,600, for physical pain and suffering from December 18, 1950, to the date of the trial, February 11, 1953. Casas was injured when an automobile driven by Arthur Fred Kipfer collided with a small railroad motor car on which he was riding. The motor car was owned by appellant railroad company. The collision took place at an intersection within the corporate limits of Harlingen, Texas.

Appellants assert that the trial court erred in admitting in evidence the statement of the witness Dr. Gallaher as to the results of his examination of X-ray pictures, and, further, that the court erred in failing to instruct the jury to disregard such statements after they had been received in evidence.

Dr. Gallaher testified that Casas had been brought to the Valley Baptist Hospital at Harlingen in an ambulance; that he had

bruises over his body, chest and abdomen; that he was X-rayed and it was discovered that he had a compressed fracture of the eleventh dorsal vertebrae. He further testified that you see the fracture in an X-ray, but that he had not brought the X-ray picture to court with him. As to pain and suffering, the doctor testified that there is a great deal of pain at first, caused by a strain of the muscles and ligaments involved in the injury, and that before the fracture was healed the bending of the spine would aggravate the pain.

Objection was made to the testimony of the doctor's conclusions from reading the X-rays until the pictures themselves were introduced in evidence, and a request was made that all evidence of Dr. Gallaher's "opinions arrived at by looking at the X-rays be stricken." The objection was overruled and the motion refused.

The X-ray pictures referred to by Dr. Gallaher were never introduced in evidence. The diagnosis of a fractured vertebrae, aside from the testimony relating to the unproduced X-rays, is largely based upon Casas' description of the pain he experienced with his back. There was some swelling in the area discernible, but in the main the objective proof of a fracture of the vertebrae rests upon the doctor's interpretation of X-ray pictures which were not in evidence.

Appellants cite the cases of Texas Indemnity Co. v. Phillips, Tex.Civ.App., 153 S.W.2d 503, 505, and Reed v. Barlow, Tex. Civ.App., 157 S.W.2d 933, as controlling authorities calling for a reversal of the judgment in this case. In the first case cited, the Court said:

"It is the established rule in this state that X-ray photographs of an injured person are not admissible in evidence without proof or admission by the parties that they are in fact X-ray photographs of the body of the injured person and that they are correct portrayals of his injuries * * *, and that, in the absence of such proof, the photographs *and the testimony interpreting them,* are immaterial and irrelevant, and therefore incompetent and are without vitality and can furnish no basis for a judgment." (Italics ours.)

Appellee contends, however, that the rule above stated is not applicable, for the reason that the only recovery sought or allowed in this case was for pain and suffering. It is said that as there was no issue submitted relating to permanent or partial disability, evidence concerning a fracture of the vertebrae is immaterial and its improper admission would be harmless. We do not agree with this view. A plaintiff's case for a recovery of damages for pain and suffering is immeasurably stronger when supported by objective proof of the fracture of a bone than one which rests upon the mere recitations of subjective symptoms alone. Had appellee's case here rested solely upon his statements that his back hurt him and that the area surrounding the injury was somewhat swollen, the jury might well have considered that he was suffering from nothing more than a muscular strain and awarded a lesser amount of damages. We are unwilling to accede to the proposition that insofar as pain and suffering are concerned a sore back is equal to a broken back. The error pointed out is prejudicial and necessitates a reversal of the judgment.

We are, however, of the opinion that the case as between Casas and Arthur Fred Kipfer, the driver of the automobile, and his father, Arthur Edwin Kipfer, may properly be severed from the action between Casas and the railroad company and Cantu. This is likewise true of the claim for indemnity over and against such automobile driver asserted by the railroad company and Cantu. This latter claim could only be effective if a recovery by Casas against the railroad company and Cantu be established. Despite the fact that the jury verdict (albeit based upon testimony improperly received) established this liability, the jury refused to make the necessary findings which would permit a recovery by the railroad company and Cantu against the driver of the automobile upon the indemnity theory. No error is pointed out in this

portion of the case and in fact no points are presented attacking that portion of the judgment. The issues made by the respective claims presented in the case are not so closely connected as to be indivisible.

For the error pointed out, that part of the judgment of the trial court awarding a recovery in favor of Manuel Casas and Hospital Association of the Southern Pacific Lines of Texas & Louisiana (which claim under him), be reversed, and that portion of the case remanded for new trial.

That portion of the judgment denying a recovery against Arthur Fred Kipfer, a minor, the driver of the automobile, and his father, Arthur Edwin Kipfer, upon the claims asserted by Manuel Casas on one hand, and Joaquin Cantu and Texas & New Orleans Railroad Company, on the other, is affirmed. Costs in this and in the trial court are adjudged against Manuel Casas, Joaquin Cantu and Texas & New Orleans Railroad Company. Each of such parties shall pay the costs incurred by them. The appellee Manuel Casas shall be primarily liable for one-half the fee of the guardian ad litem appointed by the court for the minor, Arthur Fred Kipfer, and the appellants, Joaquin Cantu and Texas & New Orleans Railroad Company, shall be primarily liable for the remaining one-half thereof. These provisions as to primary liability, however, shall not prevent the officers of court from proceeding against each and all of the parties against whom costs are here adjudged, namely, Manuel Casas, Joaquin Cantu and Texas & New Orleans Railroad Company, should such course of action be necessary to collect the sum of money awarded as a fee to the guardian ad litem.

Affirmed in part and reversed and remanded in part.

### On Motion for Rehearing.

Appellants herein have filed a motion for rehearing in which they say that we "erred in severing the claim for indemnity by Joaquin Cantu and Texas & New Orleans Railroad Company over and against Arthur Fred Kipfer, the driver of the automobile involved in this collision, from the action between Manuel Casas and Joaquin Cantu and the Railroad Company."

The jury refused to find that any act or omission of Arthur Fred Kipfer was a proximate cause of the collision. In the brief no complaint was made relating to the trial of this portion of the case. The error which caused a reversal of the judgment was the receiving of improper testimony admitted *over the objection of Kipfer's attorney*. If the judgment against Kipfer were reversed it would be because of a mistake made by an *opposing* attorney in offering improper testimony. Kipfer had no control over such attorney, who was attempting to gain judgment against him, and he would have no control over him upon a subsequent trial, but, nevertheless, he would conceivably be required to litigate repeatedly because of the mistakes of opposing counsel. As we view it, Kipfer has won his case "fair and square," and this should end the matter insofar as he is concerned.

If it appears to a Court of Civil Appeals that the error held to be reversible affects a part only of the matter in controversy, and the issues are severable, the judgment may be reversed and a new trial ordered as to that part only which is affected by the error. Rule 434, Texas Rules of Civil Procedure. The test of severability is whether or not the issues in the case are indivisible, or so closely related that a jury should in all fairness have the entire case as to all original parties before it in reaching its verdict. Fisher v. Coastal Transport Co., 149 Tex. 224, 230 S.W.2d 522; Simmons v. Wilson, Tex.Civ. App., 216 S.W.2d 847. The issues not finally resolved in this litigation, because of the receiving of improper testimony, relate solely to the controversy between Casas, on one hand, and Cantu and the railroad company, on the other. Can these issues be fairly tried without the presence of the Kipfers as parties to the suit? We think that they can. As pointed out in the original opinion, although liability to Casas was established against the appellants, said

appellants wholly failed to establish their claim over against the Kipfers. They should not have another "bite at the cherry," so to speak.

Appellants' motion for rehearing is overruled.