Charles **MUSICK** et al., Appellants,

v.

**EAST CRAWFORD WATER SUPPLY CORP. et al., Appellees.**

No. 5221.

Court of Civil Appeals of Texas, Waco.

May 31, 1973.

Rehearing Denied July 12, 1973.

Bryan, Wilson, Olson & Stem, Keith E. Farr, Harold Clark, Waco, for appellants.

Naman, Howell, Smith & Chase, W. W. Naman, Dunnam, Dunnam & Dunnam, W. V. Dunnam, Jr., Sheehy, Cureton, Westbrook, Lovelace & Nielsen, Dan E. Mayfield, Jr., Waco, for appellees.

OPINION

McDONALD, Chief Justice.

Appellants (contractors) Musick & Downing, and (surety) Fidelity and Deposit, appeal from judgment against them, in favor of Appellee East Crawford Water Supply, in suit for damages for defective workmanship in the installation of a water system.

Musick and Downing entered written contract 2 August, 1966 to construct (furnishing all labor and materials) a water distribution system for East Crawford for $105,017.15. The system went into operation in November 1966; and had developed numerous leaks by February 1967. Glamorgan sold the pipe and cement to Musick & Downing, and Whittaker Thermoplastics manufactured the cement. Musick & Downing repaired a number of the leaks, but the leaks increased in number, size, and dimension.

Musick & Downing filed suit against Glamorgan for value of repairs made. East Crawford intervened suing Musick & Downing, Glamorgan, and Whittaker, alleging the water system valueless because of defective workmanship and/or materials, and sought $126,000. damages.

Trial was to a jury which found:

1) The cement used in construction of the pipeline was of good quality.

4) Glamorgan did not promise to pay Musick his reasonable expense in repairing the leaks in the water system.

5) Musick spent $8,158.18 in making such repairs.

6), 6A) Such repairs were necessary, and reasonable in amount.

7) The workmanship performed in construction of the pipeline was not of good quality.

8) Such was a proximate cause of defective joints in the water lines.

9) The defective joints rendered the water line not reasonably fit for the purposes of the water distribution system.

10) In order to remedy such defective joints it is necessary to replace the water line.

11) The reasonable cost of replacement of the water line is $126,000.

12) The market value of the water distribution system if free of defects at time of completion in November 1966 would have been $150,000.

13) The value of the water distribution system in its actual condition at time of completion was $25,000.

14) Musick & Downing did not substantially perform their contract.

15) Musick & Downing improperly used the cement in connecting the joints of pipe in the water distribution system.

16) Which was a proximate cause of leaks in the system.

17) And which was negligence.

18) The joint connections in the water distribution system were improperly installed by the contractors.

19) Which was a proximate cause of leaks in the system.

20) And which was negligence.

21) Musick failed to use a cleaner for preparation of the joint surfaces for cementing.

22) Which was a proximate cause of leaks in the system.

23) And which was negligence.

24) Musick failed to properly use the cleaner for preparation of the joint surfaces for cementing.

25) Which was a proximate cause of leaks in the system.

26) And which was negligence.

The trial court entered judgment on the verdict for East Crawford against Musick & Downing and surety Fidelity and Deposit for $125,000, and denied all other relief sought by any of the parties.

Thereafter East Crawford filed $19,982.-85 remittitur as to Fidelity and Deposit only, which was approved by the trial court (thus in effect reforming the judgment entered).

Appellants appeal on 11 points contending:

1) Appellants are not liable to East Crawford as a matter of law because East Crawford's Engineer issued a certificate of completion, East Crawford accepted the water system, and paid for same.

2) The evidence is insufficient to support the jury's answer to Issues 12, and 13, and same are so contrary to a preponderance of the evidence as to be unjust.

3) The verdict is grossly excessive.

Appellants' 1st contention asserts the engineer's certificate of completion and acceptance of and payment for the water system by East Crawford ends liability on appellants' part.

On November 23, 1966 James C. Duff, East Crawford's Engineer certified the water system had been completed in accordance with plans and contracts, payment was made under the contract, and the system went into operation. By February 1967 some 300 leaks appeared in the joints

of the system. Musick attempted to repair some 158 of them and East Crawford repaired a number. But the leaks increased in number and size. Over half of the water being pumped is leaking out and less than half is being metered and sold to customers. Mr. Musick testified he tried to repair the leaks but they had spread out into the entire system; that all joints were put together in substantially the same way; that there is no way to completely repair; the most feasable thing to do is to put in a new line. He further testified that either the workmanship or the material were not of good quality, and that the defects were hidden and concealed.

The contract provides among other things:

"5.06 * * neither the Certificate of Acceptance nor the final payment, nor any provision in the Contract Documents shall relieve the Contractor of the obligation for fulfillment of any warranty which may be required in the Special Conditions * *."

The Special Conditions provide: * * "2. One Year Warranty. Notwithstanding any certificate which may have been given by the engineer, if any materials, equipment or any workmanship does not comply with the requirements of this contract (i. e. be of good quality) shall be discovered within one year after completion of construction * * the bidder shall * * remedy such defective workmanship within ten days * *. In the event of the failure of the bidder * * to remedy defective workmanship * * the owner may * * remedy such defective workmanship * * and in such event the bidder shall pay to the owner the cost and expense thereof."

And Section 5.07 of the contract provides "The owner may, on account of subsequently discovered evidence, withhold or nullify the whole or part of any certificate to such extent as may be necessary to protect himself from loss on account of (a) Defective work not remedied * * *".

■ The defects in workmanship in the water line were discovered within one year of acceptance; the contractor has not remedied same; and under the provisions of the contract set out the contractor is not released of liability by the Engineer's Certificate, acceptance of the job, or payment for the project. American Employers' Ins. Co. v. Huddleston, 123 Tex. 285, 70 S.W. 2d 696; City of Midland v. Waller, Tex., 430 S.W.2d 473.

City of Midland v. Waller, supra, a case very similar on its facts, holds that the architect's final certificate is binding on all parties as to the actual physical final completion of the job, but "Insofar as defects are concerned which are unknown and could not have been discovered by ordinary care, the four-year statute of limitations applies.

Contention 1 is overruled.

Contentions 2 and 3 assert the evidence insufficient to sustain the jury's answers to Issues 12 and 13, and that the verdict is excessive.

■ The jury in answer to Issue 11 found that reasonable replacement cost of the water line is $126,000; in answer to Issue 12 found the water system if free of defects would have been worth $150,000; and in answer to Issue 13 found that in its actual condition it was worth $25,000.

Dr. Walls of the University of Texas Engineering School, James Duff, Engineer, and Mr. Musick, all testified the only feasable way to correct the situation was to put a new line parallel to the leaky line. Duff testified the cost would be $126,000. The witness McKethan testified the market value of the system at completion with good workmanship would have been $150,000, and that its market value in its actual condition was $25,000 or $30,000. There was no evidence contradicting the above testimony. Appellants level no attack on the jury's answer to Issue 11.

The evidence is sufficient to sustain the findings, and the verdict is not excessive.

All appellants' points and contentions are overruled. The judgment as to Musick & Downing is affirmed; and as to Fidelity and Deposit is affirmed, after giving effect to the $19,982.85 remittitur approved by the trial court.

Glamorgan and Whittaker were defendants in the trial court and are designated as appellees in this court. No points are before this court complaining of the take nothing judgment against them. The cause of action against them is severed out and the judgment is affirmed as to such parties. Roosth & Genecov Production Co. v. White, 152 Tex. 619, 262 S.W.2d 99; Cantu v. Casas, Tex.Civ.App., NRE, 265 S.W.2d 175; Manning v. Block, Tex.Civ.App., NRE, 322 S.W.2d 651.

Affirmed.