INTERNATIONAL & GREAT NORTHERN RAILWAY COMPANY v.
T. A. CLARK AND WIFE.

No. 1196. Decided March 16, 1903.

Injury to Person—Permanent Impairment—Charge.

An instruction to the jury, in assessing damages for permanent personal injury, "to estimate the value of such services as she would reasonably perform during the expectancy of her life," is incorrect and misleading. (Pp. 354, 355.)

Error to the Court of Civil Appeals for the Third District, in an appeal from Hays County.

Clark and wife sued the railway company for personal injuries to the latter in getting off cars. Plaintiffs had judgment. Defendant appealed, and on its affirmance obtained writ of error.

*S. R. Fisher* (*N. A. Stedman*, of counsel), for plaintiff in error.— Plaintiffs' petition contained no averments to the effect that any of the alleged acts of negligence on the part of defendant or its servants produced or caused or in anywise contributed to producing or causing the injuries complained of, the petition failed to state a cause of action against the defendant, and its general demurrer should have been sustained.

The testimony introduced by plaintiffs showing that Mrs. Clark fell from the car steps to the ground and failing to establish that her fall was caused by or resulted from any act of the defendant charged as negligent, plaintiffs failed to make out their case, and the court should

have sustained defendant's motion, made at the close of plaintiff's evidence, to direct a verdict for the defendant.

The petition containing no allegations to the effect that the absence of a platform or of a movable step or stool, or the distance from the car steps to the ground, or the failure of the conductor to prevent Mrs. Clark's fall, caused the fall and resulting injury, all evidence as to such facts or any of them was incompetent, immaterial and inadmissible, and defendant's objection to their admission should have been sustained.

There was no allegation of any defect in the ground or place where Mrs. Clark disembarked, and none that a fill at that place existed, and evidence as to the existence of a fill was inadmissible.

Whether the distance from the car steps to the platform or ground was too great for Mrs. Clark to step with safety involved matter of opinion only, and the court erred in permitting Mrs. Clark, over defendant's objection, to testify that the distance was too great. The evidence objected to was also inadmissible on the ground, presented by defendant's third assignment of error, that the petition failed to charge that the distance from the car steps to the ground in anywise contributed to causing or producing the accident resulting in injury.

Whether what the conductor did or failed to do while Mrs. Clark was attempting to disembark amounted to supporting her, involved only a conclusion or opinion of the witness, and was not competent testimony.

The petition did not allege the existence of a ditch or any defect or imperfection at the place of the accident, and testimony tending to prove such fact was incompetent and inadmissible.

The court erred in its charge to the jury and, in particular, in attempting to present to the jury grounds upon which the plaintiffs sought a recovery, in stating that the injuries alleged to have been sustained by Mrs. Clark were claimed by plaintiffs to have been sustained by reason of the alleged omissions or grounds of negligence stated in plaintiffs' original petition, because the petition nowhere stated that the injuries sustained by her resulted from or were produced or caused by such acts.

The court erred in its charge in its attempt to state the case and the issues arising out of the pleadings and the evidence, in not presenting the defense interposed by the defendant, the court stating plaintiffs' claim but making no reference or allusion to what the claim or defense of the defendant was.

The law in this State casts upon a carrier of passengers the duty of exercising that high degree of care which a very careful, prudent and competent person would exercise under like circumstances. To instruct the jury, as was done in this case, that a carrier of passengers rests under the duty "to exercise the highest degree of care for the safety of its passengers, such as a highly prudent, cautious and competent man would use under similar circumstances," and to furnish "a

safe place for the passengers to alight," makes the carrier an insurer and requires in effect the exercise of extremest—utmost—highest possible care, and is a greater degree of care than the law demands. The expression, "the highest degree of care, * * * such as a highly prudent, cautious and competent man would use," means that a "highly prudent, cautious and competent man" would use the highest—that is, all possible—care, and is expressive of a greater degree of care than that embodied in the terms, "that high degree of care that a very prudent, cautious and competent person would use under similar circumstances." The words, "such as a highly prudent, cautious and competent man would use under similar circumstances," can not be held to qualify and explain and thus cure the error in the statement of the degree of care required; they are not the same as would be the statement, "that is, such a degree of care as a highly prudent, cautious and competent man would use under similar circumstances," following the words, "the highest degree of care."

The degree of care required by the Texas courts of a carrier of passengers, has been announced: The care which persons of the greatest care and prudence usually use in similar cases (Texas, etc., Railway Co. v. Miller, 79 Texas, 78); such a degree of care as would ordinarily be exercised by persons of great care and prudence under similar circumstances (Texas, etc., Railway Co. v. Russell, 28 S. W. Rep., 1042; Texas, etc., Railway Co. v. Davidson, 3 Texas Civ. App., 542); such a high degree of care as would be used by very prudent and competent persons under similar circumstances (St. Louis, etc., Railway Co. v. McCullough, 18 Texas Civ. App., 534); that high degree of care and skill which very cautious persons would use under like circumstances (Gulf, C. & S. F. Railway Co. v. Killebrew, 20 S. W. Rep., 182, 20 S. W. Rep., 1005); that high degree of care which very cautious or prudent persons would exercise under like circumstances (San Antonio, etc., Railway Co. v. Lynch, 55 S. W. Rep., 517); that high degree of care that a very prudent person would use under the same circumstances about the same matter (Texas, etc., Railway Co. v. Orr, 31 S. W. Rep., 696); that high degree of care and skill which very cautious persons generally, in their line of business, are accustomed to use under similar circumstances (International & G. N. Railway Co. v. Halloren, 53 Texas, 146; International & G. N. Railway Co. v. Welch, 86 Texas, 203.) To the effect that a railroad company is not an insurer of the safety of its passengers, see also, Houston E. & W. T. Railway Co. v. Greer, 22 Texas Civ. App., 5; International & G. N. Railway Co. v. Underwood, 64 Texas, 463.

The court erred in attempting to give the measure of damages and in informing the jury as to the elements that might be considered by them in making up a verdict for the plaintiffs.

The court erred in the following paragraph or portion of its charge: "The damages for injuries to her. You will estimate the value of services she was capable of performing, and did perform in her relation

to her duites, before the said injuries, any impairment in her capacity to perform such services; and if you find these injuries were permathen you will estimate the value of such services as she will reasonably perform during the expectancy of her life." Said paragraph or portion is involved and confused, uninstructive and misleading. It is erroneous in requiring the jury, in the event of a finding for plaintiffs, to award to them the value of Mrs. Clark's services throughout the entire period of her life expectancy; (a) because testimony as to the expectancy of life is only a fact or circumstance to be considered by the jury in connection with other facts in evidence in determining the amount of damages; (b) because the jury were not permitted to take into consideration the contingencies of disease, accident or death during the period of expectancy; (c) because there was no evidence tending in any degree to prove that Mrs. Clark's injuries, if permanent, had resulted in or produced total incapacity on her part to render any of the services "she was capable of performing and did perform in her relation to her duties;" and (d) because in no event, under the law, could recovery for value of services go beyond the value of the diminution of her capacity to render the same.

The charge of the court, as a whole, is vague, indefinite, confused and calculated to mislead the jury.

If defendant, at the time and place of the accident, had provided and was then and there maintaining for the use of its passengers, a platform constructed of ballast, gravel or other material, sufficient and safe for such use, and Mrs. Clark in attempting to alight, fell and sustained injury of which she complains, there would be no right of recovery, even if the conductor failed to assist her, and the court should have charged the jury as requested.

The court having failed in its charge to instruct the jury as to the effect of mere accident, and special instruction number 2, advising the jury that if Mrs. Clark fell from the car steps while she was alighting, she could not recover, the instruction asked should have been given.

As there was no allegation in the petition that the failure of the conductor to assist Mrs. Clark in alighting, or that the manner of his assistance, if given, caused or contributed to her injury, the charge asked, instructing the jury, among other things, if she fell, to return a verdict for defendant even if they found the conductor was not assisting her, should have been given. Railway Co. v. Frey, 25 Texas Civ. App., 386; Railway Co. v. Robinson, 73 Texas, 277; see also cases cited to thirteenth assignment, supra.

If defendant had provided at the place of the accident a sufficient platform, it rested under no duty or obligation to provide Mrs. Clark with a stool or movable step to step upon,, or to render her any assistance in getting to the platform or ground, or to see that she alighted safely.

There being neither allegation nor proof that the failure of the conductor to assist Mrs. Clark or the manner in which he assisted her

caused or contributed to causing her fall, no liability on defendant's part was shown, and the court should have given the special instruction asked.   Texas Midland Railway Co. v. Frey, 25 Texas Civ. App., 386; Railway Co. v. Wortham, 73 Texas, 25; Lafflin v. B. & S. W. Railway Co., 106 N. Y., 136; Raben v. Central Iowa Railway Co., 33 Am. and Eng. Ry. Cases, 520.

Defendant having alleged that Mrs. Clark was guilty of contributory negligence, in that she was a large, heavy woman, unable to handle or control herself as most women might under the circumstances in which she was placed, and that in attempting to get off the car she failed to regard the fact of her weight and awkwardness, defendant was entitled to have the jury pass upon the question of her negligence considered with reference to such facts, and the special instruction asked should have been given.   Railway Co. v. McGlamory, 89 Texas, 635; Railway Co. v. Sheider, 88 Texas, 166.

*W. G. Barber* and *A. B. Storey,* for defendants in error.—The distinction between the office of general demurrer and special exception is very ably discussed and clearly made in the case of the Northwestern National Insurance Co. v. Woodward, reported in 45 S. W. Rep., 185, in which the court, after holding that the general demurrer should have been sustained because there was "no specific allegation of an insurable interest in the property insured," in its judgment on motion for rehearing, reversed its former decision and held that the matter could only be reached by special exception.   Writ of error to the Supreme Court was refused in this case.   In Telephone Co. v. Grimes, 82 Texas, 94, "A defective statement of a cause of action is not subject to general demurrer.   If it is so stated that it is amendable, it is good against general demurrer."   See also Robinson v. Davenport, 40 Texas, 133, and Galveston, H. & S. A. Railway Co. v. Abbey, 68 S. W. Rep., 283.   In this last case the Supreme Court also refused a writ of error.

The court did not err in permitting Mrs. Clark to testify that the distance from the car step to the ground was too great for her to safely step, for the reason that the petition alleges that fact, and that in attempting to take the dangerous step she fell and was hurt, and because it was not a matter of opinion, but a fact.   Galveston, H. & S. A. Railway Co. v. Ford, 22 Texas Civ. App., 131; Texas & P. Railway Co. v. Crockett, 27 Texas Civ. App., 463.

When the court has embodied in its general charge all of the defenses relied upon, giving the law applicable, it is not the duty of the court to give several charges setting out separately each defense covered by the first charge given.

It is not the duty of the court to, in general terms, define negligence or contributory negligence, but to apply the charge to the facts alleged as such.

The expression, "highest degree of care for the safety of its passengers, such as a highly prudent, cautious and competent man would use under certain circumstances," does not mean the highest possible care, as urged by counsel for appellant in his brief. This distinction was fully discussed by Judge Brown in International & G. N. Railway Co. v. Welch, 24 S. W. Rep., 390, in which the authorities are reviewed; in which "most perfect care of a cautious and prudent person," "utmost care and diligence, etc," "as far as human foresight can go," and "utmost practical care," and many more similar expressions are held not to mean "all possible care." Highest, utmost and greatest are synonymous when used in this connection; and in Fort Worth & D. Railway Co. v. Kennedy, 12 Texas Civ. App., 654, the exact expression, "highest degree of care," is approved. See case cited.

The charge of the court correctly gave the law as to the measure of defendant's liability.

They were instructed that if they found for plaintiff, to find that sum of money as would be a fair and just compensation for the injuries received by Mrs. Clark, the pain and distress of mind she endured, if any, and the expense of medical attention. And then the court follows with the matter they are to consider in estimating the damages for injuries to her, the value of the labor performed before the injury, and the diminution of her capacity to do that labor; and if they found the injury permanent, to estimate the damage during the expectancy of her life. This can not be construed into meaning that they were to give her the value of her entire services for her expectancy, but for the diminution thereof. Galveston Oil Co. v. Malin, 60 Texas, 648; Galveston, H. & S. A. Railway Co. v. Hampton, 59 S. W. Rep., 928; St. Louis S. W. Railway Co. v. Freedmann, 18 Texas Civ. App., 553; Fort Worth & D. C. Railway Co. v. Kennedy, 12 Texas Civ. App., 654.

The railway company owed to plaintiff the highest degree of care to enable her to make the descent in safety. Railway Co. v. Russell, 28 S. W. Rep., 1042; Railway Co. v. Kennedy, 12 Texas Civ. App., 654.

GAINES, Chief Justice.—This suit was brought by defendants in error, T. A. Clark and wife, against the plaintiff in error for an injury to the ankle of the wife, alleged to have been caused by the negligence of the railway company in not providing a safe means of alighting from a train upon which she was a passenger. There was a verdict and judgment in the plaintiff's favor and the judgment was affirmed by the Court of Civil Appeals.

We granted the writ of error because we were of opinion that there was error in the charge of the court as to the measure of damages; and we are still of that opinion. We think the assignments of error upon all other points were correctly disposed of in the opinion of the Court of Civil Appeals, and therefore deem it unnecessary to discuss them here.

The charge of the court as to the measure of damages is as follows:

"If you find for plaintiffs as damages you will find that sum of money as will be a fair and just compensation for the injuries received by Mrs. Clark, the pain and distress of mind she endured, if any, and the expense for medical aid.

"The damages for injuries to her, you will estimate the value of service she was capable of performing and did perform in her relation to her duties before said injury, any impairment of her capacity to perform said services. And if you find these injuries are permanent, then you will estimate the value of such services as she would reasonably perform during the expectancy of her life."

The damages recoverable in this case were compensation for the physical and mental suffering Mrs. Clark had endured up to the time of the trial and such suffering of a like character as she would reasonably and probably undergo in future as a result of her injury; for such reasonable expense as had been incurred in the treatment of her injury; and also compensation for the loss that had already been sustained by reason of such inability to perform her ordinary duties as had resulted from her injuries and such loss as might reasonably and probably accrue thereafter from such inability. That the latter part of the charge quoted does not correctly state the measure of damages we think clear. That it is misleading we think equally true. Its structure indicates that some words have been inadvertently omitted—the omission being presumably the result of the haste ordinarily incident to preparing such instructions.

For the error in the charge the judgments of the District Court and that of the Court of Civil Appeals are reversed and the cause remanded for a new trial.

*Reversed and remanded.*