GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY v. A. S. SMITH.

No. 1603. Decided December 19, 1906.

### 1.—Master and Servant—Defective Appliances.

Evidence in case of a fireman, injured by falling from the cab of a moving locomotive, through the giving way of a handhold while he was leaning from the cab, considered and held sufficient to warrant the submission of the issue of negligence on the part of the employer in using, on the bolt fastening the handhold, a nut too large for such bolt. (Pp. 268, 269.)

### 2.—Evidence—Leading Question.

A question is not leading merely because it asks whether or not a fact existed, though capable of being answered by yes or no; but the exclusion of the question on that ground was not cause for reversal where there appeared to be no controversy over the matter asked about, and especially where the facts sought were testified to by the same witness in answer to other questions. (P. 269.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Val Verde County.

Smith sued the railway company for damages on account of personal injury and recovered judgment. Defendant appealed and on affirmance obtained writ of error.

Cavin, a witness for defendant, having testified that he got up on this particular engine while it was in the roundhouse at Sanderson on January 15, 1905, the same day of the accident while doing some work on the engine, and that he got up on the fireman's side, and that he never noticed anything give to his weight, and that the handhold on that side seemed solid; was asked the question whether or not if there had been any defect in the handhold, or if it had been loose, he would have noticed it; also whether or not he noticed anything loose about the handhold on the left hand side when he got up on engine, and whether or not he noticed any defect of any character in the handhold on said cab when he got up on the left hand side. Said questions were objected to on the ground that they were leading. The objections were sustained, and the court refused to permit the witness to testify in answer to such questions.

*Baker, Botts, Parker & Garwood* and *Garrett & Davis,* for plaintiff in error.—The facts as developed by the undisputed testimony, showing no negligence and no liability on the part of the railway company, it was the duty of the trial court to instruct a verdict for the defendant as requested. Patton v. Texas & P. Ry. Co., 179 U. S., 658; DeGraff v. New York C. & H. R. Ry., 76 N. Y., 125; Sack v. Dolese, 137 Ill., 129; Trinity C. Lumb. Co. v. Denham, 85 Texas, 56; Missouri, K. & T. Ry. v. Thompson, 11 Texas Civ. App., 662; Broadway v. San Antonio Gas Co., 60 S. W. Rep., 270; Quintana v. Smelting Co., 14 Texas Civ. App., 351; Gulf, C. & S. F. Ry. v. Shieder, 88 Texas, 161; International & G. N. Ry. v. Bell, 75 Texas, 50; Atz v. Newark Lime & Cement Co., 34 Atl. Rep., 980; Louisville, N. & A. C. Ry. v. Bates, 45 N. E. Rep., 108; Smith v. New York Cent. Ry., 164 N. Y., 491; Watts v. Hart, 34 Pac. Rep., 423; Carlson v. Phoenix

Bridge Co., 132 N. Y., 273; Flood v. Western U. Tel. Co., 131 N. Y., 603.

The questions asked the witness, Cavin, in no way suggested the answer desired and were, therefore, not leading questions, such as would be objectionable. Lott v. King, 79 Texas, 232; International & G. N. Ry. v. Collins, 75 S. W. Rep., 814; Missouri, K. & T. Ry. v. Jamison, 12 Texas Civ. App., 693; International & G. N. Ry. v. Dalwigh, 92 Texas, 655.

*Joseph Jones, Hugh L. Robertson* and *H. E. McMains,* for defendant in error.

GAINES, CHIEF JUSTICE.—This suit was brought by the defendant in error against the plaintiff in error to recover damages for personal injuries alleged to have been caused by the negligence of the latter. The plaintiff was employed by the defendant as a fireman and while in the performance of his duties on an engine which was running at a rapid rate of speed was directed by the engineer to look out of the cab, to see if a following train was approaching. In order to perform this duty, the plaintiff took hold of a handhold and in leaning out of the cab pressed his weight against it, when it gave way and he was precipitated to the ground. His fall resulted in the loss of a foot. The handhold was attached to the cab by a bolt which was intended to be secured by a nut. When the accident happened it became apparent that the bolt had given away, and that this was caused by the nut not having performed its function. The nut was not found. The plaintiff predicated his case upon the negligence of the company in having used a nut that was too large and which slipped over the threads of the bolt. The defendant on the other hand claimed that the nut may have had an inherent flaw in it, which was concealed, and which by the use of ordinary care could not have been discovered.

When we granted the writ of error in this case it seemed to us that it was incumbent upon the plaintiff to show, not only that an accident had happened and that it was caused by the nut's becoming detached, but also to adduce some evidence which tended to show that the nut did not fail to perform its office by reason of such latent defect as was claimed by defendant to exist. Otherwise it would have appeared from the case made that the accident was the result of one of two causes, either that the nut split from a latent defect, or was too large for the bolt and therefore came off from the pressure put upon it. In such event we think that the plaintiff would have made no case. Since the testimony of defendant showed a probability that the cause of the accident may have been a defect in the nut not discoverable by due diligence; it was not enough to show a mere possibility that it may have resulted from another cause which was brought about by the negligence of the defendant. The plaintiff should have shown not only that the accident may have resulted from the nut's being too large, but should also have adduced some evidence sufficient to induce the belief in the minds of the jury that the accident was attributable to that cause. Upon the first presentation of the case we were inclined to

think that the plaintiff failed in this particular and that the trial court erred in not charging a verdict for the defendant and also erred in not granting the motion for a new trial.

However, we are now of the opinion that we were mistaken in granting the writ of error and that there was evidence sufficient to authorize the jury to find that the cause of the giving a way of the handhold was that the nut was too large for the bolt and not that the nut came apart from an undiscoverable latent defect. That the latter was the cause, there was merely evidence that there was a possibility that it may have been brought about in that way. There was no direct evidence of the fact. On the other hand, there was testimony from one Teasdale that after the accident he took the place of the plaintiff as fireman on the engine and examined the bolt and that it arrived at Del Rio on the same night in the same condition it was immediately after the accident. One Van Cleave, the storekeeper of the defendant at Del Rio, testified that upon its arrival at that place on the night of the accident he examined the bolt; and "that bolt was greasy and the threads of the bolt were full of dirt, grit and grease." With the weight of the evidence we have nothing to do; but it seems to us that if "the threads of the bolt were full of dirt, grit and grease," it would be inconsistent with the idea that the nut fitted tightly on the bolt. Therefore this was some evidence that the bolt was too large and that there was a space between the threads of the nut and those of the bolt. Besides the bolt was introduced in evidence for the inspection of the jury and its appearance may have been such as to induce them to believe that the nut was large enough to slip over the threads of the bolt. Hence we are of opinion that the trial court neither erred in refusing to instruct a verdict for the defendant nor in overruling the motion for a new trial.

We have examined the other assignments of error, but are of opinion that they point out no error for which the judgment ought to be reversed.

We will say, however, that we are not prepared to hold that the questions propounded to the witness Cavin were leading. But we have been pointed to no evidence in the case which showed that there was any serious controversy as to the fact that the defect in the handhold was not observable upon a casual glance. Besides this witness testified in another place: "I got upon the engine by taking hold of the handhold and pulling up. I couldn't say which handhold I took hold of, I generally take hold of both. When I crawled upon the engine I never noticed anything wrong with the handhold on the left side. When I got upon the engine the handhold on the left hand side seemed solid, I never noticed any give or anything to them. I never had occasion to examine handholds on an engine and cab." This was clearly the same testimony that was sought to be elicited by the questions which the witness was not permitted to answer. Therefore the ruling of the court in excluding his answers, if erroneous, was not prejudicial to the defendant.

Finding no reversible error in the proceedings, the judgment is affirmed.                                        *Affirmed.*