**COASTAL TRANSPORT CO. v.
FISHER et al.**

No. 12021.

Court of Civil Appeals of Texas.
San Antonio.

Dec. 7, 1949.

Rehearing Denied Jan. 4, 1950.

Kemp, Lewright, Dyer & Sorrell, Corpus Christi, Cecil D. Redford, Corpus Christi, for appellant.

Carter & Stiernberg, Harlingen, S. T. Morris, Harlingen, for appellees.

W. O. MURRAY, Chief Justice.

This suit was instituted by Olin E. Fisher, Tom E. Fisher and Geneva Fisher, a minor, by and through her father and next friend, Olin E. Fisher, against Coastal Transport Company, a partnership, seeking to recover damages suffered Tom E. Fisher and Olin E. Fisher and his family, as a result of an explosion which occurred at the Clymore Filling Station located in Raymondville, Willacy County, Texas.

The explosion was caused by the negligence of an employee of the Coastal Transport Company while pumping gasoline from a truck belonging to the company into a tank at the filling station. Tom E. Fisher, Olin E. Fisher and the members of his family were sleeping in an apartment house near the filling station when the explosion occurred, about 4 a. m. on the morning of July 26, 1948. As a result of the explosion the Fishers suffered personal and property damage.

By Special Issue No. 13 the court submitted to the jury the question of the amount of damages sustained by Virgie Fisher, wife of Olin E. Fisher, for physical and mental pain and suffering, both past and future, to which the jury answered the sum of $3,500. In referring to future pain and suffering the trial judge used the following language: "and pain and mental suffering, if any, that you may believe from a preponderance of the evidence that she may have to undergo in the future, as a direct and proximate result of the explosion in question." Appellant excepted to this issue because the very vital element of reasonable probability was left out. The court overruled the exception, and in doing so the court committed reversible error. There is some confusion among the authorities, but the great weight of authority is to the effect that a recovery for future physical and mental pain and suffering can only be had for such as will

reasonably and probably occur. Any charge that leaves out the vital element of reasonable probability is incorrect and when proper objection is made constitutes such error as will require a reversal. Lentz v. City of Dallas, 96 Tex. 258, 72 S.W. 59; Ft. Worth & D. C. Ry. Co. v. Taylor, Tex. Civ.App., 162 S.W. 967; Davis v. Kennedy, Tex.Civ.App., 245 S.W. 259; International & Great Northern R. Co. v. Clark, 96 Tex. 349, 72 S.W. 584; City of Waco v. Teague, Tex.Civ.App., 168 S.W.2d 521; Wichita Transit Co. v. Sanders, Tex.Civ. App., 214 S.W.2d 810; St. Louis, Southwestern Railway Co. of Texas v. Hawkins, 49 Tex.Civ.App., 545, 108 S.W. 736.

The court committed the same error in reference to Special Issue No. 14, wherein the jury allowed Tom E. Fisher damages in the sum of $5,000, based in part upon such physical and mental pain and suffering as *he may have to undergo in the future*.

This brings us to a consideration as to whether we should reverse the judgment only as to the amounts found in Special Issues 13 and 14, or the entire judgment. We are of the opinion that there is no reason for reversing the judgment wherein it allows Olin E. Fisher a recovery of $1,600 for property damages, as found in Special Issue No. 10, and $1,000 for personal injuries sustained by him individually, as found in Special Issue No. 11, and the $500 recovered by Olin E. Fisher as father and next friend of his minor daughter, Geneva Fisher, for herself, nor the $96 recovered by Tom E. Fisher, which was stipulated by the parties to be the damage done to his automobile.

Appellant has presented points contending that the evidence is insufficient to sustain the jury's answers to Special Issues Nos. 11 and 12, but we overrule these points. The amounts found in answer to these issues are supported by the evidence and the same are not excessive.

For the error pointed out, the judgment will be reversed wherein it provides for a recovery in the sum of $3,500 for physical and mental pain and suffering sus-

tained by Virgie Fisher and $5,000 for physical and mental pain and suffering sustained by Tom E. Fisher, and the cause remanded for a new trial, but in all other respects the judgment will be affirmed. The cost of this appeal will be taxed against appellees Olin E. Fisher and Tom E. Fisher.

Reversed and remanded in part and affirmed in part.

BROETER, J., not participating.