OLIN E. FISHER ET AL V. COASTAL TRANSPORT COMPANY.

No. A-2526. Decided May 10, 1950.
Rehearing overruled June 21, 1950.
(230 S. W., 2d Series, 522.)

*Carter & Stiernberg,* of Harlingen, *S. P. Neilson* and *Travis Smith,* of Raymondville, for petitioners, Olin E. Fisher et al.

The Court of Civil Appeals erred in holding that the trial court erred in the submission of special issues, which issues were erroneous because the words "reasonable probability" were ommitted, since such issues properly and adequately submitted the proper measure of damages, not future pain and suffering, and properly applied that test for such measure of damages. Galvestion, H. & S. A. Ry. Co. v. Smith, 100 Texas 267 98 S. W. 240; Waterman Lumber Co. v. Shaw, 165 S. W. 127, error refused; Central Texas & M. W. Ry. Co. v. Gibson, 99 Texas 98, 87 S. W. 814.

*Kemp, Lewright, Dyer & Sorrell* and *Cecil D. Redford,* all of Corpus Christi, for respondent, Coastal Transport Company.

The Court of Civil Appeals erred in not reversing the case in its entirety, rather than reversing it in part and affirming it in part, as the recovery for damages for future pain and suffering and for future loss of earnings should be restricted to such as would reasonably and probably result from the injury. International & G. N. R. R. Co. v. Clark, 96 Texas 349, 72 S. W. 584; Lentz v. City of Dallas, 96 Texas 258, 72 S. W. 59; Schumacher Company v. Shooter, 132 Texas 560, 124 S. W. 2d 857.

MR. JUSTICE SHARP delivered the opinion of the Court.

Olin E. Fisher and others filed this suit against Coastal Transport Company to recover damages for personal injuries and property damages, sustained as a result of an explosion

caused by the negligence of an employee of the Coastal Transport Company while pumping gasoline into a tank located at Raymondville, Texas. The trial was had before a jury, and judgment was rendered by the trial court against Coastal Transport Company in favor of Olin E. Fisher in the sum of $1600 for property damages, $1000 for physical pain and suffering, $500 in favor of Geneva Fisher, the infant daughter of Olin E. Fisher, $3500 in favor of Olin E. Fisher for personal injuries to his wife, Virgie Fisher, $5000 in favor of Thomas E. Fisher for personal injuries and physical and mental pain and suffering, and $96 in favor of Thomas E. Fisher for his property damages. The Court of Civil Appeals reversed the judgment of the trial court, awarding $3500 damages to Olin E. Fisher for personal injuries sustained by his wife and the judgment of the trial court awarding damages in the sum of $5000 to Thomas E. Fisher for his personal injuries, but affirmed the judgment of the trial court in so far as it allowed a recovery for Olin E. Fished for property damages in the amount of $1600, personal injuries in the amount of $1000, and a recovery of $500 by Olin E. Fisher as next friend of his minor daughter Geneva Fisher, and also affirmed the judgment awarding Thomas E. Fisher $96 for property damages. 225 S.W. 2d 995. Applications for writs of error were filed by Coastal Transport Company and by Olin E. Fisher and others. Both applications were granted, and the case is now before this court for review.

By Special Issue No. 13 the trial court submitted to the jury the question of the amount of damages sustained by Virgie Fisher for physical and mental pain and suffering, both past and future. The trial judge prescribed the rule to guide the jury in reaching the amount of damages, and in referring to future pain and suffering he used the following language: *"and pain and mental suffering, if any, that you may believe from a preponderance of the evidence that she may have to undergo in the future, as a direct and proximate result of the explosion in question."* The jury answered, "$3500."

By Special Issue No. 14 the trial court submitted to the jury the question of the amount of damages that would reasonably compensate Thomas E. Fisher for physical and mental suffering *"that he may have to undergo in the future as a direct and proximate result of the explosion in question."* To this the jury answered, "$5000."

Coastal Transport Company excepted to the submission of Special Issues Nos. 13 and 14 in the form used, because the very vital element of reasonable probability was left out. The trial

court overruled the exceptions, and the error was properly assigned. The Court of Civil Appeals held that the submission of the issues as worded was error, and reversed the judgment of the trial court as to those items above indicated.

■ The courts have frequently had under consideration the question involved here, and have established a rule that will assure litigants every protection of their rights under the law. The courts have been zealous in safeguarding the rule, and have held that not only the testimony of witnesses, but also the charge of the court, with respect to recovery of damages for future pain and suffering and for future loss of earnings, should be restricted to damages which would reasonably and probably result from the injury sustained. Lentz v. City of Dallas, 96 Texas 258, 72 S. W. 59; Ft. Worth & D. C. Ry. Co. v. Taylor, Texas Civ. App., 162 S. W. 967; Davis v. Kennedy, Texas Civ. App., 245 S. W. 259; International & Great Northern R. Co. v. Clark, 96 Texas 349, 72 S. W. 584; City of Waco v. Teague, Texas Civ. App., 168 S. W. 2d 521; Wichita Transit Co. v. Sanders, Texas Civ. App. 214 S. W. 2d 810; St. Louis, Southwestern Ry Co. of Texas v. Hawkins, 49 Texas Civ. App., 545, 108 S. W. 736, writ of error refused.

This Court in International & Great Northern R. Co. v. Clark, supra, recognized that recovery for damages resulting in the future should be restricted to those that might reasonably and probably accrue from the injury. In that case this Court said:

"The damages recoverable in this case were: Compensation for the physical and mental suffering Mrs. Clark had endured up to the time of the trial, *and such suffering of a like character as she would reasonably and probably undergo in the future* as a result of her injury; for such reasonable expense as had been incurred in the treatment of her injury; and also compensation for the loss that had already been sustained by reason of such inability to perform her ordinary duties as had resulted from her injuries, *and such loss as might reasonably and probably accrue thereafter from such inability.*" (Emphasis ours.)

In the case of Galveston, H. & S. A. Ry. Co. v. Powers, 101 Texas 161, 105 S.W. 491, this Court stated the rule as follows: "The railroad company, being liable for the infliction of the injury on the party, would be liable for all the consequences flowing from that injury, including such as a jury might say, from the evidence presented to them, would with *reasonable probability* occur at some future time; *but the company is not liable for results which may possibly occur in the future.* Lentz v. Dallas, 96 Texas 258,

72 S. W. 59, Gulf, C. & S. F. Ry. Co. v. Harriett, 80 Texas 73, 83, 15 S. W. 556; Strohm v. New York, L. E. & W. R. Co., 96 N. Y., 305, 306; Gregory v. New York, L. E. & W. R. Co., 55 Hun 307, 8 N. Y. S. 525; Fry v. Dubuque & S. W. R. Co., 45 Iowa, 416. In Railway Co. v. Harriett, the court said: 'We think the evidence should show that there is a reasonable probability of the occurrence of future ill effects of the injury, and that it need show no more in order to justify the jury in considering future consequences in estimating the damages.' Neither expert witnesses nor the jurors may be turned loose in the domain of conjecture as to what may by possibility ensue from a given statement of facts. The witness must be confined to those which are reasonably probable and the verdict must be based upon evidence that shows with reasonable probability that the injury will produce a given effect." (Emphasis ours.)

■ Counsel for petitioners frankly admit that the rule established by this Court, as stated above, is correct, and that the trial court in submitting the issue on future pain and suffering in Special Issues Nos. 13 and 14 did not use the words *"reasonable probability"*; but they contend that the words *"may have to undergo in the future"* mean substantially the same thing. We cannot agree with this contention. The word *"may"* clearly indicates possibility as distinguished from probability and it would be so understood by an ordinary, intelligent juror. The phrase *"have to undergo"* does not supply the thought of reasonable probability, because its commonly-understood meaning merely conveys the thought of involuntary, as contrasted with voluntary, suffering. The whole expression *"may have to undergo in the future"* would be calculated to lead the jury to believe that they should include in the damages not merely future pain and suffering which were reasonably probable, but also all pain and suffering which the plaintiff might possibly suffer as a result of the injury.

This is an important rule, affecting the rights of litigants, and the courts are not in favor of whittling it down. That the instructions with respect to this rule should be faithfully adhered to is shown by many decisions of the courts. It is essential that our rules be stable, and it works no hardship on the courts or the litigants for them to be uniformly followed. The assessment of damages for future suffering at best involves elements of uncertainty; it is an attempt to estimate or predict what will happen thereafter. It is only fair and just that when the jurors are given this task they should be told plainly that they are limited to the bounds of reasonable probability and cannot wander at will in the realms of mere possibility.

In the case of Lentz v. City of Dallas, supra, this Court said: "The court should also have given the charge requested by defendant restricting plaintiff's recovery for future results of the injuries to such as would reasonably and probably result."

In the case of City of Waco v. Teague, Texas Civ. App., 168 S. W. 2d 521, the trial court used the following language with respect to physical and mental pain: "The present reasonable cash value, if any, of the physical and mental pain, if any, that you may believe from a preponderance of the evidence, if any, *the plaintiff has undergone in the past or may undergo in the future as a direct and proximate result of the injuries,* if any, sustained as a direct and proximate result of the negligence, if any, of the defendant." (Emphasis ours.) The Court of Civil Appeals in that case reviewed the decisions of the various courts and reversed the judgment of the trial court, and in its opinion said: "The rule is that appellant, being liable for the infliction of the injury on appellee, would be liable for all the consequences flowing from that injury, including such as a jury might find, from the evidence, *would with reasonable probability occur at some future time, but it would not be liable for results which may possibly occur in the future.*" (Emphasis ours.)

In the recent case of Wichita Transit Co. v. Sanders, Texas Civ. App., 214 S. W. 2d 810, the court said: "The charge in connection with the issue reads: 'In answering the foregoing Special Issue (No. 26) you may take into consideration only the physical pain and suffering, if any, suffered by plaintiff, Robert Lee Sanders, in the past, and such suffering and pain, if any, that he will suffer in the future, if you find and believe that he will suffer in the future.' The criticism of the explanatory charge is that it did not contain language in connection with future pain and suffering, in some way limiting it to a reasonable probability. The point is well taken and upon another trial should be observed."

It is quite clear that the courts have consistently held that it is error to allow recovery for losses and damages which the plaintiff *"may have to undergo in the future,"* and that the courts have consistently approved the test of *"reasonable probability"* as to future losses and damages. The trial court erred in submitting Special Issues Nos. 13 and 14.

■ Respondents contend that the Court of Civil Appeals erred in holding: (1), that the judgment of the trial court was severable and could be reversed in part and affirmed in part; and (2), that the error of the trial court, which necessitated a reversal of

this case, did not affect the entire judgment. The issues in this case are closely related and are indivisible, and respondents should not be forced to try this case piecemeal. The jury should have the entire case before it in reaching its verdict on the issues involved. The contention of respondents is sustained. The Schuhmacher Company v. Shooter, 132 Texas, 560, 124 S. W. 2d 857; Houston Oxygen Company, Inc., v. Davis, 139 Texas 1, 161 S. W. 2d 474, 140 A. L. R. 868; Phoenix Assurance Company of London, Ltd., v. Stobaugh, 127 Texas 308, 94 S. W. 2d 428.

The judgments of the trial court and the Court of Civil Appeals are both reversed, and this entire cause is remanded to the trial court for further proceedings consistent with this opinion.

Opinion delivered May 10, 1950.

MR. JUSTICE GARWOOD, joined by JUSTICES SMEDLEY AND GRIFFIN, dissenting.

This case is a close one, and there are, of course advantages in sticking exactly to formulas of instruction that have the express blessing of precedent. But I cannot agree to make these plaintiffs go through another trial upon the doubtful assumption that the particular charge here involved is condemned by authority or, if sustained, will open the door to unduly speculative damages for future pain.

Absent compelling authority to the contrary, I approach the problem in the spirit expressed in the following passage from Dean Charles T. McCormick's work on Damages:

"Attempts by appellate courts to require that instructions about damages for pain and suffering conform to a standard of exactness appropriate only to a mathematical theorem are sometimes encountered. For example, the phraseology of instructions authorizing damages for future pain and suffering seems to assume importance in the minds of some appellate courts. Consequently, there is much discussion as to whether particular instructions properly limit damages to compensation for suffering reasonably certain to be sustained or erroneously permit recovery for suffering which is merely 'possible'. Surely too great exactitude about this subordinate feature of the instructions on damages should not be required. The chief reliance for reaching reasonable results in attempting to value suffering in terms of money must be the restraint and common sense of the jury

and not the detailed verbal accuracy of the instructions." Mc-Cormick on Damages, sec. 88, p. 318.

None of the cases cited in the majority opinion condemn a charge like that here in question, except one, or perhaps two, from Courts of Civil Appeals, which are not binding upon us. Gulf, C. & S. F. Ry. Co. v. Harriett, 80 Texas 73, 15 S. W. 556, which appears to be our basic statement on the general subject, was directed against the defendant's contention that the charge should expressly restrict damages for future consequences of negligence to those "reasonably certain" to occur. The court rejected the contention on the ground in effect, that it required the jury to be satisfied beyond a reasonable doubt rather than by a mere preponderance of the evidence and stated the correct rule to be that of "reasonable probability". If thus the degree of proof is the real point at issue, the two instructions here in question met the test, since each of them contained the phrase "that you may believe from a preponderance of the evidence", while no doubt a similar admonition was also given with respect to the charge as a whole. Now it may well be that if the instructions had said "that you may believe from a preponderance of the evidence that she (he) *might possibly* undergo in the future", such an emphasis on mere possibility would give the jury a wrong criterion, but there is a clear difference between expressions such as "might possibly undergo" and the words "may have to undergo", used in the instant case. The word "may" is not necessarily speculative and is often used colloquially as synonymous with "will", while "have to" is more often used in the sense of an inevitable or unavoidable occurrence than it is as a reference to a mere future event. Thus I have little doubt that any juror, except one with a rather academic mind, would interpret the instructions simply as: "that you may believe from a preponderance of the evidence that he (she) *will undergo* in the future". Certainly from the standpoint of the defendant, there is nothing objectionable in such an instruction, even though it does not contain the familiar ·expression "reasonable probability". In fact, as suggested by the Harriett case abovementioned, and without meaning to argue that we abandon "reasonable probability" as the most desirable formula to strike a balance between plaintiff and defendant, it· seems to me that such an expression is ordinarily the same thing as telling the jury to be guided by a preponderance of the evidence. Since the latter admonition was given the jury in no uncertain terms, and the phrase "may have to undergo" is not enough to suggest that a bare possibility is all that a preponderance of the evidence need disclose, I think the instructions given were substantially correct. This conclusion has support in Galveston, H.

& S. A. Ry. Co. v. Smith, Texas Civ. App., 93 S. W. 184, affirmed 100 Texas 267, 98 S. W. 240. One might add that the trial judge also put into each instruction the requirement that any future pain for which damages might be allowed would have to be "a direct and proximate result of the explosion in question". How he defined these technical words does not appear in the record, but presumably he did define them and in the usual terms of natural sequence and foreseeability. This is also a valid, if only cumulative, reason to believe that the jury in this case did not likely believe it was free to award damages for pain that it considered unlikely, though possible, of occurrence.

I think the judgment of the Court of Civil Appeals should be reversed and that of the trial court affirmed.

Opinion delivered May 10, 1950.

Rehearing overruled June 21, 1950.