**Victor REISWERG, Appellant,**

v.

**Albert MARTINEZ et al., Appellees.**

No. 15770.

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 11, 1957.

Rehearing Denied Feb. 22, 1957.

Wigley, McLeod, Mills & Shirley, V. W. McLeod and J. L. McMicken, Galveston, for appellant.

Markwell, Stubbs & Decker, and Henry G. Dalehite, Jr., Galveston, for appellee.

MASSEY, Chief Justice.

Appellees Joe Martinez and Albert Martinez, the latter a 4½ year old son of the former, were in the jewelry and loan shop of the appellant Victor Reiswerg for the purpose of making a payment on an account. The appellant was engaged in the examination of a shotgun brought to him by another customer for the purpose of securing a loan, and while making the examination he inadvertently and negligently discharged the weapon. The shotgun pellets struck the left wrist and arm and left part of the abdomen of the younger appellee, seriously injuring him.

Appellees brought suit for damages against Victor Reiswerg as defendant, and upon the trial a verdict was returned in behalf of the father for $1,006.62 as damages

sustained in connection with medical and hospital expenses incurred by the son. A verdict was returned in behalf of the son for $19,000 as damages because of his personal injuries.

Judgment was entered in accordance with the verdict and Reiswerg appealed.

Judgment affirmed as to Joe Martinez, the father. Judgment as to Albert Martinez, the son, reversed and remanded subject to affirmance on condition of remittitur.

The charge to the jury included Special Issue No. 12, which read and was answered by the jury as follows:

"What sum of money, if any, if paid now in cash, do you find from a preponderance of the evidence, would fairly and reasonably compensate the plaintiff, Albert Martinez, for the injuries sustained by him as a result of being shot on the occasion in question?

"In determining your answer, if any, to this issue, you are instructed that you may take into consideration the following elements, and these only:

"A. Such physical pain, if any, and mental anguish, if any, as you may find from a preponderance of the evidence the said Albert Martinez has suffered from the time of the shooting to the time of this trial, resulting directly and proximately from the negligence, if any, of the defendant, Victor Reiswerg.

"Answer: $14,000.00.

"B. Such physical pain, if any, and mental anguish, if any, as you may find from a preponderance of the evidence the said Albert Martinez will, with reasonable probability, suffer in the future, resulting directly and proximately from the negligence, if any, of the defendant, Victor Reiswerg.

"Let your answer, if any, to Elements A and B be stated separately.

"Answer: $5000.00."

■ By one point on appeal Reiswerg complains that sub-paragraph A of the special issue amounted to a comment on the weight of the evidence in that it indicated that the trial court was of the opinion that the son had suffered pain from the time of the shooting to the time of the trial, some two years and four months subsequent thereto. The point is not briefed, hence must be considered as waived. Texas Rules of Civil Procedure 418 and 422.

■ It is clear from Reiswerg's brief that the amount awarded the father is not under attack except as it might be involved in the total amount awarded to both father and son. We do not treat it as under attack upon the appeal other than as may be necessary to declare that the judgment as it obtains to the said Joe Martinez is affirmed. The issues in the father's case are severable from those in that of his son. The two causes of action are separate and distinct, and whether the judgment in behalf of the son be affirmed or reversed, it would be proper to affirm the judgment in behalf of the father. 3–B Tex.Jur., p. 532, et seq., "Appeal and Error", sec. 978, "Severability of Judgment or Issues", and sec. 979, "Reversal as to Some Parties"; Lowery v. Berry, 1954, 153 Tex. 411, 269 S.W.2d 795.

What is decidedly at issue on the appeal is the $19,000 damages awarded to the son, Albert Martinez, based upon the jury's findings under sub-sections A and B of Special Issue No. 12. The total amount and both amounts found by the jury going to make up said total are contended to be excessive and the jury's findings are alleged to demonstrate of themselves that the jury was biased or prejudiced, and/or that said findings were so contrary to the overwhelming weight and preponderance of the evidence as to be manifestly unjust. Additionally, the amount found as to future physical pain and mental anguish under sub-section B is claimed by Reiswerg to be without any support in the evidence.

It is to be noticed that we are only concerned with physical pain and mental anguish and with the proof thereupon introduced in the trial court. The proof adduced upon the trial upon the matter of these elements up to the time of the trial was from the father and an attending physician, Dr. W. W. Stephens, who performed the operation on the son immediately following the shooting.

The father testified that immediately after the shooting his son was "hollering", crying, and bore the appearance of a person in pain. The degree of pain was not clarified by the witness' testimony. Further testimony showed that the boy was removed from the hospital to his home after eight days, and was kept in bed at home for a week or eight days. Afterward there were "days he would be all right and days he would be sick." The testimony was clarified to show that by this the witness meant that the boy would be suffering from pain in his stomach. As to the duration of the pains the witness stated that when his son experienced them they would be such as would cause the boy to stay at home as long as about half a day. As to the frequency with which he experienced the pains, the witness, in reply to the question "Once a week or once a month?", said, "Once a week or once a month."

Dr. W. W. Stephens testified that shortly after the boy was injured he saw him at the hospital, at which time the youngster was "stuporous" and not in a coma, but conscious and apparently in pain. The degree of pain was not clarified by this witness' testimony, nor was it shown that sedatives were given, etc., or any other evidence from which a conclusion might be drawn as to the degree of suffering borne by the boy, either when the doctor first saw him or subsequent thereto. There was no testimony clarifying the duration of the period in which pain was experienced. The doctor did testify that the length of disability as result of the boy's injuries was no longer than an eight week period from date of the operation, which was performed either on

the day of the injury or the day following. There were some shotgun pellets left in the boy's body and in the organs of the body, but the doctor stated that such pellets in and of themselves were not a cause of pain. There was one pellet in the wrist, presence of which the witness indicated might possibly have been the source of pain, but his testimony was clarified to show that such pain was within the realm of possibility and not that of reasonable probability. It is to be noted that the father never mentioned the wrist in which the pellet was to be found as the site of any of his son's pain.

As to future physical pain and mental anguish (to be experienced subsequent to the date of trial), it might be properly said that Dr. Stephens' testimony did not cover anything in regard to the physical pain, and left to the jury the conclusion upon the boy's future mental anguish, principally upon the item of his loss to the twelfth rib. As the result of the injury the boy lost approximately 50% of the twelfth rib on his left side. On motion of Reiswerg the trial court instructed the jury to disregard the doctor's testimony about pain in the wrist since it developed that his comment thereupon was based upon the possibility of future pain from the pellet lodged therein and not upon the reasonable probability that any pain would be experienced in the future because thereof. Fisher v. Coastal Transport Co., 1950, 149 Tex. 224, 230 S.W.2d 522.

■ Furthermore, the father did not testify in any respect which would raise a jury question upon the matter of any future pain in the wrist which in reasonable probability would be experienced. Indeed, this witness' testimony as to pain or anguish obviously stemmed wholly from the effects of the abdominal injury, including the loss of approximately 50% of the twelfth rib. He testified that his son still experienced pains in his stomach as of date of the trial, apparently severe enough to cause him to stay at home half a day. As to the frequency of the pain the witness testified "Once a week or once a month". The boy was

shown, as of the time of the trial, to miss school occasionally on account of the pains in his stomach, and to be unable to run and play in the manner possible before his injury, due to a shortness of breath and a more frequent need to rest. We are of the opinion that there was evidence raising the issue of future physical pain and mental anguish.

While we cannot assume that the jury did so, we strongly suspect that it took into consideration the young boy's narrow escape from death, and perhaps future physical disability, as well as the elements to which it was confined by the instruction of the court. In any event we have reached the conclusion that the amounts found in the verdict upon past and future physical pain and past and future mental anguish are excessive, their combined total likewise excessive, and the judgment of the trial court based thereupon excessive by the amount of one-half.

■ In spite of the depreciation in the value of money, we still regard the $19,000 awarded to young Albert Martinez as a considerable sum. Since we are of the opinion that under the language of the charge the figure of $9,500 would be reasonable for the specified elements of damage sustained and to be sustained, we are obliged to treat the balance as excess. Wichita Valley Ry. Co. v. Williams, Tex.Com.App., 1926, 116 Tex. 253, 269, 288 S.W. 425, 430—answering certified questions.

■ It is therefore directed that should appellee Albert Martinez, or his next friend for him, file a remittitur of $9,500 within fifteen days from the date hereof, the judgment in his behalf will be affirmed, otherwise it is presently reversed and remanded. T.R.C.P. 440; 3-B Tex.Jur., p. 555 et seq., "Appeal and Error", sec. 992, "Remittitur", and sec. 993, "Remittitur at Suggestion of the Court". We deem it within the power of such next friend to file such remittitur in view of our opinion that by so doing the litigation is facilitated and the rights of said appellee as an infant not prejudicially affected.

Judgment in behalf of Joe Martinez affirmed. Judgment in behalf of Albert Martinez reversed and remanded subject to an affirmance on condition of remittitur.

### Supplemental Opinion

On January 11, 1957, we indicated by an opinion in writing that if appellee Albert Martinez, or his next friend for him, would file a remittitur of $9,500 within fifteen days thereof, the judgment of the trial court would be affirmed; otherwise the judgment of the trial court in favor of said appellee would be reversed and the cause (as to him) remanded.

A motion for rehearing was filed in behalf of said appellee, a minor, and subject thereto a remittitur of $9,500 was filed in his behalf by the Hutchings Sealy National Bank of Galveston, Texas, acting in the capacity of Temporary Guardian. Letters of temporary guardianship were appended pursuant to a power granted by the County Court of Galveston County, Texas, to execute the remittitur. This court is now in receipt of regular letters certifying that the Hutchings Sealy National Bank of Galveston was duly appointed guardian of the estate of Albert Martinez on February 15, 1957.

Accordingly, as of this date, appellee's motion for rehearing is overruled and the judgment of the trial court is reformed by deducting the amount of $9,500 from the judgment recovered by the appellee Albert Martinez, and, as so reformed, is affirmed.

Costs of the appeal will be taxed against the appellant Victor Reiswerg.

Motion for rehearing may be filed by either party within fifteen days after this date.