NO. 07-99-0298-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

 MAY 18, 2000

______________________________

BEA JOHNSON, APPELLANT

V.

ALEJANDRO BELTRAN, APPELLEE

_________________________________

FROM THE 137
TH
 DISTRICT COURT OF LUBBOCK COUNTY;

NO. 97-500,593; HONORABLE CECIL G. PURYEAR, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Presenting six points of error, appellant Bea Johnson challenges the trial court’s judgment rendered upon the jury’s verdict in favor of appellee Alejandro Beltran in his action for injuries sustained in an automobile accident.  Specifically, Johnson contends (1) the trial court committed reversible error by allowing into evidence the fact that she received a traffic citation for the accident, resulting in an improper verdict and judgment; (2) the trial court committed reversible error by overruling her 
Batson
(footnote: 1) challenge to Beltran’s use of two peremptory strikes to exclude two black members of the jury panel from the jury on the basis of race; (3) there is no evidence to support an award for future damages because a letter from Beltran’s physician dated May 8, 1996 was improperly admitted into evidence; (4) the evidence is legally and factually insufficient to support the jury’s award of $25,000 for future medical care; (5) the evidence is legally and factually insufficient to support the jury’s award of $35,500 for future physical pain and mental anguish; and (6) the evidence is legally and factually insufficient to support the jury’s award of $5,000 for future physical impairment.  Based upon the rationale expressed herein, we reverse the judgment of the trial court.

On December 17, 1995, Johnson failed to yield the right-of-way at an intersection and was struck by Beltran’s vehicle.  While he was at the emergency room, Beltran complained of shoulder pains.  Three days after the accident, Beltran was examined by Dr. Robert Peinert.  After undergoing an MRI and a bone scan, Beltran was diagnosed by Dr. Peinert as having a torn rotator cuff in his right shoulder that required surgery.  Beltran commenced this action against Johnson for the injuries sustained.  Based on the verdict of the jury, judgment was entered that Beltran recover a total of $83,366.44 from Johnson, of which  included an award of $25,000 for future medical care.

Because points of error three and four are dispositive of this appeal, we limit our review to the propriety of the award of $25,000 for future medical expenses.  Johnson contends there is no evidence to support the future damages award because the trial court improperly admitted a letter from Dr. Peinert in which he assesses the possible charges involved in a surgical procedure to repair Beltran’s shoulder.
(footnote: 2)  We agree.

Texas follows the “reasonable probability” rule for future damages for personal injuries.  Fisher v. Coastal Transp. Co., 149 Tex. 224, 230 S.W.2d 522, 525 (1950); 
see also
 Rosenboom Mach. & Tool, Inc. v. Machala, 995 S.W.2d 817, 828 (Tex.App.–Houston [1
st
 Dist.] 1999, pet. denied); City of San Antonio v. Vela, 762 S.W.2d 314, 321 (Tex.App.–San Antonio 1988, writ denied); Hughett v. Dwyre, 624 S.W.2d 401, 405 (Tex.App.–Amarillo 1981, writ ref’d n.r.e.).  In order to recover for future medical expenses, a plaintiff is required to show there is a reasonable probability that such medical expenses will be incurred in the future.  Whole Foods Market Southwest, L.P. v. Tijerina, 979 S.W.2d 768, 781 (Tex.App.–Houston [14
th
 Dist.] 1998, pet. denied).  Although no precise evidence is required to support an award for future medical costs, the preferred practice for establishing those costs is through expert medical testimony.  
Id.
  It is within the jury’s sound discretion to determine what amount, if any, to award in future medical expenses.  Thate v. Texas & P. Ry. Co., 595 S.W.2d 591, 601 (Tex.Civ.App.–Dallas 1980, writ dism’d w.o.j.).  This standard of review, however, is “not so nebulous that a reviewing court will uphold a jury award for future medical expenses when there is no evidence.”  Harvey v. Culpepper, 801 S.W.2d 596, 599 (Tex.App.–Corpus Christi 1990, no writ).

Beltran did not offer the testimony of Dr. Peinert at trial or by deposition.  Without the benefit of any discovery or stipulation, while Beltran was testifying, his counsel offered Dr. Peinert’s letter dated May 8, 1996, 
see
 
infra
 footnote 2, to establish the cost of future medical expenses and the following objection was made by Johnson’s counsel:

[Defense counsel]: The defendant objects, your Honor.  Again, there has been no foundation. . . .

* * *

[Defense counsel]: Again, also renewing the objection that we made earlier at the bench, there is no foundation laid for Dr. Peinert as far as being able to give that estimate as set forth in that report. . . .

Notwithstanding the objections, the trial court admitted Dr. Peinert’s letter into evidence and Beltran testified to the contents of the letter.  By argument in her brief and reply brief, Johnson contends the trial court improperly admitted Dr. Peinert’s letter into evidence because proper foundation was not established showing that Dr. Peinert was qualified to render the opinions contained therein, resulting in the rendition of an improper judgment.  Beltran responds without citation of any authority, that Dr. Peinert’s letterhead designating him as a medical doctor in “General Orthopedics and Spinal Surgery,” and establishing his certification as “A.B.O.S. and F.A.A.O.S.,” and Beltran’s testimony that Dr. Peinert is a board certified orthopedic surgeon qualified Dr. Peinert as an expert on future surgical costs.

A witness qualified as an expert by knowledge, skill, experience, training, or education may testify to scientific, technical, or other specialized knowledge that will assist the trier of fact in determining a fact in issue, (
i.e.,
 future medical care).  Tex. R. Evid. 702.  The qualification of a witness as an expert is within the trial court’s sound discretion and will not be disturbed absent clear abuse.  Broders v. Heise, 924 S.W.2d 148, 151 (Tex. 1996).  The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles.  E.I. du Pont de Nemours & Co. v. Robinson, 923 S.W.2d 549, 558 (Tex. 1995).  The party offering the expert’s testimony bears the burden of proving that the witness is qualified under Rule 702.  
Broders
, 924 S.W.2d at 151.

Because Dr. Peinert was not called to testify, and no other evidence was offered regarding future medical care, the only evidence of future medical care was contained in the  letter report reciting a “bare estimate” of $25,000.  No background information was offered by affidavit or otherwise regarding Dr. Peinert’s knowledge, skill, experience, training, or education to aid the trial court in qualifying him as an expert witness.  The fact that an individual is a medical doctor does not qualify him as an expert.  
Broders
, 924 S.W.2d at 152.  We decline to hold that (1) the contents of an unauthenticated letterhead, and (2) Beltran’s testimony that Dr. Peinert was a board certified orthopedic surgeon were sufficient for the trial court to qualify Dr. Peinert as an expert to render an opinion on the cost of future medical care.  Thus, because Beltran did not satisfy his burden to show that Dr. Peinert was qualified to render an opinion on the cost of future medical care, we find the trial court abused its discretion in admitting the May 8, 1996 letter report.  After examining the entire record for any probative evidence and disregarding all evidence to the contrary, Garza v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965), we find the evidence is legally insufficient to support the jury’s award of $25,000 for future medical care.  We sustain points of error three and four.

Our sustention of points three and four pretermits a discussion of Johnson’s remaining points.  Tex. R. App. P. 47.1.  Accordingly, the judgment of the trial court is reversed and the cause is remanded to the trial court for further proceedings.

Don H. Reavis 

    Justice

Do not publish.

FOOTNOTES
1:
Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

2:
Dr. Peinert approximated a “bare estimate” of $850 to $987 for anesthesia; $5,000 for a surgical suite; $400 to $500 for radiology and laboratory services; $3,000 to $5,000 for hospital day charges; $3,200 for the surgeon’s fee; $4,000 for phase I of rehabilitation  and $5,000 to $6,000 for phase II of rehabilitation.  Dr. Peinert concluded, “This adds up to a ‘grand total’ of $25,000.  I would estimate that I am within plus or minus $3500 of the total cost.”