IN THE SUPREME COURT OF TEXAS






IN THE SUPREME COURT OF TEXAS
 
════════════
No. 04-0550
════════════
 
Fifth Club, Inc. and David A. 
West, 
Petitioners,
 
v.
 
Roberto Ramirez, 
Respondent
 
════════════════════════════════════════════════════
On Petition for Review from the
Court of Appeals for the Third District of 
Texas
════════════════════════════════════════════════════
 
 
Argued October 18, 
2005
 
 
Justice Willett, joined by Justice Hecht, Justice Wainwright, and 
Justice Johnson, dissenting in 
part.
 
 
I join fully 
in the reasoning and conclusions set forth in Parts I–III of the majority 
opinion, but disagree with Part IV’s discussion regarding future mental anguish 
damages. Because I believe the evidence was legally insufficient to support the 
jury’s award of damages for Ramirez’s future mental anguish, I respectfully 
dissent from this part of the Court’s ruling.
In conducting 
a legal sufficiency review of mental anguish damages, we have held that such 
damages are recoverable if the plaintiff provides (1) direct evidence of the 
nature, duration, or severity of his anguish establishing a substantial 
disruption in his daily routine, or (2) other evidence of a high degree of 
mental pain and distress that is more than mere worry, anxiety, vexation, 
embarrassment, or anger. Saenz v. Fid. & Guar. Ins. Underwriters, 925 
S.W.2d 607, 614 (Tex. 1996); Parkway Co. v. Woodruff, 901 S.W.2d 434, 444 
(Tex. 1995). Application of this standard to the evidence presented does not 
always submit to a simple analysis. As the majority recognizes, we noted in 
Parkway that “some types of disturbing or shocking injuries have been 
found sufficient to support an inference that the injury was accompanied by 
mental anguish.” 901 S.W.2d at 445. In addition, damages for future mental 
anguish are recoverable only if the plaintiff demonstrates a “reasonable 
probability” that past mental anguish will continue in the future. Fisher v. 
Coastal Transp. Co., 230 S.W.2d 522, 524–25 (Tex. 1950).
Ramirez 
offered proof that he suffered a serious physical assault. West does not 
challenge the legal sufficiency of proof of past mental anguish. I agree 
with West, however, that the proof was legally insufficient to support an award 
of future mental anguish damages. The altercation in issue occurred on 
September 17, 2000, and the trial occurred more than two years later, in Fall 
2002.
Focusing on 
the evidence of Ramirez’s future mental anguish, Ramirez, when asked how the 
incident has affected him, testified:
 
I am the 
kind of person that I don’t talk to people about what’s going on with me, not 
even to my wife. All these, I have kept inside, and I have been having a lot of 
communication problems with my family. I don’t know if this is going to 
affect me in the future. This is what has happened, and I have a lot of 
anger inside of me for what happened, for what they did to me.
 
 
Ramirez also 
testified that “I have everything inside of me,” that he did not want to talk to 
his wife about the incident, that he was generally less communicative, and that 
he had taken an anger management course.
Ramirez’s 
wife testified that Ramirez is less communicative with his daughter, and 
that
 
It’s very 
hard for him to talk to people. And even us, when we—whenever we talk or 
something like this comes up or anything—this issue comes up, he doesn’t want to 
talk about it. He feels very bad that—what happened to him. I could see him—I’m 
with him all the time, and I could see that he can’t sleep well. He’s always 
tossing and turning. I know he has nightmares. He doesn’t tell me but I can see 
it.
 
 
She also 
testified that Ramirez became depressed and manifested various symptoms of this 
depression right after the incident, including crying and being “spaced out,” 
and that “he’s still like that now,” but “probably not as much as he was . . . 
.” She testified that “even now . . . I try not to push him because I can only 
imagine what he feels.”
With regard 
to future mental anguish, this evidence does not in my view demonstrate a 
substantial disruption in Ramirez’s daily routine or show that Ramirez’s ability 
to work, attend to his personal needs, or engage in other aspects of daily 
living will be substantially impaired. 
Nor does this 
evidence constitute proof of a high degree of future mental pain and distress 
amounting to more than mere worry, anxiety, vexation, embarrassment, or anger. 
Ramirez’s testimony that he continued to carry a lot of anger, and that he does 
not want to talk about the incident, and his wife’s testimony that he has 
nightmares, tosses and turns at night, and has become less communicative, do not 
amount to a high degree of future mental pain and distress. 
By 
comparison, in Saenz a plaintiff testified that the defendant’s conduct 
had caused her to worry a lot about future medical bills and to worry that she 
would lose her house. 925 S.W.2d at 614. While accepting that these concerns 
were real and understandable, we held that they did not rise to the level of 
compensable past or future mental anguish. Id. In Parkway, which 
involved a house being flooded multiple times due to faulty drainage, we did not 
question the sincerity of a husband’s testimony that he was “very disturbed” by 
the defendant’s conduct, or his wife’s testimony that the husband “would come 
home and he would become very quiet” and that the defendant’s conduct had caused 
friction in the marriage and “changed our life style.” 901 S.W.2d at 445. We 
held, however, that this evidence did not rise to a level of compensable mental 
anguish damages. Id.
Granted, 
those cases, unlike the present case, did not involve personal injury claims. 
But our decision in Fisher v. Coastal Transport Co. did, and in that case 
we applied the long-established “reasonable probability” test and said future 
mental anguish damages are recoverable only if the plaintiff shows that future 
ill effects are reasonably probable, not merely possible. 230 S.W.2d at 524–25. 
Cf. Lubbock County v. Strube, 953 S.W.2d 847, 856–57 (Tex. App.–Austin 
1997, pet. denied) (a wrongful termination case holding that plaintiff was 
entitled to past but not future mental anguish damages, where plaintiff suffered 
from depression and withdrew “into a shell” but failed to demonstrate that her 
past mental anguish would continue in the future).
I in no way 
contest Ramirez’s genuineness, and concede that definitions of “mental anguish” 
are inherently nebulous and imprecise, requiring reviewing juries and courts to 
weigh shades and degrees of plaintiffs’ emotional reactions. But Ramirez himself 
admits he does not know how—or, more fundamentally, if—the altercation 
will affect him in the future. Fisher, 230 S.W.2d at 524 (noting 
that fairness and justice dictate that jurors “are limited to the bounds of 
reasonable probability and cannot wander at will in the realms of mere 
possibility”). 
All in all, 
the descriptive evidence in the pending case is not qualitatively or 
quantitatively different from the evidence in Saenz and Parkway, 
and as Ramirez’s own testimony suggests, does not establish a probable 
substantial disruption in Ramirez’s daily routine or show emotions beyond the 
realm of worry, anxiety, vexation, embarrassment, or anger needed to support an 
award of future mental anguish damages.
 
_______________________________________
Don R. 
Willett
Justice
 
Opinion delivered: June 30, 
2006